**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 10-663** |
| **v.** | : | **DATE FILED: November 3, 2010** |
| **EMMANUEL MOORE,**<br>**a/k/a/ "Duck,"**<br>**a/k/a "Shorty,"**<br>**a/ka/ Hassin Bethea"**<br>**THEODORE MCFADDEN, SR.**<br>**MONIQUE PEARSON MOORE,**<br>**a/k/a "Mo"**<br>**JAQUEL CREWS,**<br>**a/k/a "Quelly"**<br>**VINCENT CREWS,**<br>**a/k/a "Vinny"**<br>**MARK MILLER,**<br>**a/k/a "Sharkey"**<br>**MELVA PACK** | : | **VIOLATIONS:**<br><br>**21 U.S.C. § 846 (conspiracy to possess with intent to distribute 5 kilograms or more of cocaine - 2 counts)**<br>**21 U.S.C. § 846 (attempted possession with intent to distribute 500 grams or more of cocaine - 1 count)**<br>**21 U.S.C. § 841(a)(1) (distribution of 28 grams or more of cocaine base ("crack") - 1 count)**<br>**21 U.S.C. § 843(b) (unlawful use of a communication facility - 3 counts)**<br>**18 U.S.C. § 2 (aiding and abetting)**<br>**Notice of forfeiture** |

## SUPERSEDING INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. From in or about May, 2007, to in or about June, 2008, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendants

**EMMANUEL MOORE,**
**a/k/a "Duck,"**
**a/k/a "Shorty,"**
**a/k/a "Hassin Bethea,"**
**THEODORE McFADDEN, SR., and**
**MONIQUE PEARSON MOORE,**
**a/k/a "Mo,"**

conspired and agreed, together and with others known and unknown to the grand jury, to

knowingly and intentionally distribute 5 kilograms or more, that is, approximately 8 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

**MANNER AND MEANS**

It was part of the conspiracy that:

2. Defendant EMMANUEL MOORE organized and directed others known and unknown to the grand jury, including his father, defendant THEODORE MCFADDEN, SR., and his wife, MONIQUE PEARSON MOORE, in a drug trafficking business by using those individuals to assist him in the purchase of multi-kilogram quantities of cocaine from sources of supply in California, for distribution and sale in Philadelphia, Pennsylvania and elsewhere.

3. At defendant EMMANUEL MOORE's direction, defendant THEODORE MCFADDEN, SR. traveled from Philadelphia, Pennsylvania to Los Angeles, California to purchase multi-kilogram quantities of cocaine.

4. Defendant MONIQUE PEARSON MOORE assisted defendant EMMANUEL MOORE in his drug trafficking business, by providing cellular telephones for his use in coordinating drug trafficking activities, making travel arrangements for his trips to California to purchase cocaine, packaging large sums of money for the purchase of cocaine by defendant MCFADDEN from a California source of supply (the "CSOS"), and assisting with the tracking of a package of cocaine shipped by the CSOS to an address in the Philadelphia, Pennsylvania area provided to the CSOS by defendant EMMANUEL MOORE.

5. Defendants EMMANUEL MOORE, THEODORE MCFADDEN, SR., and MONIQUE PEARSON MOORE, and others known and unknown to the grand jury, used cellular telephones to coordinate their drug trafficking activities.

**OVERT ACTS**

In furtherance of the conspiracy and to accomplish its object, defendants EMMANUEL MOORE, THEODORE MCFADDEN, SR., and MONIQUE PEARSON MOORE, and others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania, the Southern District of California, and elsewhere:

1. On or about May 31, 2007, at the direction of defendant EMMANUEL MOORE, defendant MONIQUE PEARSON MOORE provided Person # 1 known to the grand jury (Person # 1) with a cellular telephone so that defendant EMMANUEL MOORE could communicate with Person # 1 about defendant EMMANUEL MOORE's drug trafficking activities.

2. On or about June 2, 2007, defendant MONIQUE PEARSON MOORE made arrangements for defendant THEODORE MCFADDEN, SR. to fly from Philadelphia, Pennsylvania to Los Angeles, California to purchase cocaine from the CSOS and packed approximately $34,000 in the luggage of defendant MCFADDEN to be paid to the CSOS .

On or about June 4, 2007:

3. At the direction of defendant EMMANUEL MOORE, defendant THEODORE MCFADDEN, SR. flew from Philadelphia, Pennsylvania to Los Angeles with approximately $34,000 packed in his luggage.

4. At the direction of defendant EMMANUEL MOORE, defendant THEODORE MCFADDEN, SR. met with the CSOS in Los Angeles, California and paid the CSOS approximately $34,000 for the cocaine.

5. Defendant THEODORE MCFADDEN, SR. accompanied the CSOS to a United Parcel Service ("UPS") shipping store where the CSOS tendered a package containing approximately 3 kilograms of cocaine ("the June 4th package") to UPS for delivery to an address in the Philadelphia, Pennsylvania area that had been provided by defendant EMMANUEL MOORE.

On or about June 5, 2007:

6. Defendants EMMANUEL MOORE and THEODORE MCFADDEN, SR., and Person # 1 spoke, via cellular telephone, about tracking the June 4th package.

7. Defendants EMMANUEL MOORE and MONIQUE PEARSON MOORE, and Person # 1 spoke, via cellular telephone, about tracking the June 4th package.

8. On or about June 6, 2007, defendant THEODORE MCFADDEN, SR. and Person # 1 spoke, via cellular telephone, about the June 4th package.

9. On or about June 9, 2007, defendant MONIQUE PEARSON MOORE and individuals known to the grand jury spoke, via cellular telephone, about the June 4th package and discussed her past drug trafficking activities and the drug trafficking activities of defendant EMMANUEL MOORE.

On or about May 27, 2008:

10. Defendants EMMANUEL MOORE and THEODORE MCFADDEN, SR. flew from Philadelphia, Pennsylvania to Los Angeles, California to purchase multi-kilogram

quantities of cocaine.

11. In a Hilton Hotel in Los Angeles, California ("the Hilton Hotel"), defendant EMMANUEL MOORE:

(a) possessed for distribution and controlled a black duffle bag containing approximately 5 kilograms of cocaine ("the black duffle bag"), which he gave to defendant THEODORE MCFADDEN, SR; and

(b) possessed and controlled a white plastic shopping bag containing a food saver heat sealing vacuum, food saver vacuum storage bags and plastic wrap, all of which are used to package drugs.

13. Defendant THEODORE MCFADDEN, SR. transported the black duffle bag from the Hilton Hotel to a W Hotel in the Beverly Hills section of Los Angeles, California ("the W Hotel").

14. At the W Hotel, defendant THEODORE MCFADDEN, SR. possessed and controlled the black duffle bag and a black suitcase containing approximately $100,000.

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 2 through 5, and Overt Acts 1 through 5 of Count One of this superseding indictment are incorporated here.

2. On or about June 4, 2007, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendant

**EMMANUEL MOORE,**
**a/k/a "Duck,"**
**a/k/a "Shorty,"**
**a/k/a "Hassin Bethea,"**
**THEODORE McFADDEN, SR., and**
**MONIQUE PEARSON MOORE,**
**a/k/a "Mo,"**

knowingly and intentionally attempted to possess with intent to distribute, and aided and abetted the attempted possession with intent to distribute of, 500 grams or more, that is, approximately 3 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

In violation of Title 21, United States Code, Section 846.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 5, 2007, in the Eastern District of Pennsylvania and elsewhere, defendants

**EMMANUEL MOORE,**
**a/k/a "Duck,"**
**a/k/a "Shorty,"**
**a/k/a "Hassin Bethea," and**
**THEODORE MCFADDEN, SR.,**

knowingly and intentionally used a communication facility, that is, a telephone, in committing and in causing and facilitating a felony, that is, the attempted possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, in that they discussed the shipping and tracking of the package containing approximately 3 kilograms shipped on June 4, 2007.

In violation of Title 21, United States Code, Section 843(b).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 5, 2007, in the Eastern District of Pennsylvania, defendants

**EMMANUEL MOORE,**
**a/k/a "Duck,"**
**a/k/a "Shorty,"**
**a/k/a "Hassin Bethea," and**
**MONIQUE PEARSON MOORE,**
**a/k/a "Mo,"**

knowingly and intentionally used a communication facility, that is, a telephone, in committing and in causing and facilitating a felony, that is, the attempted possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846, in that they discussed the tracking of the package containing approximately 3 kilograms shipped on June 4, 2007 and payment for the cocaine in that package.

In violation of Title 21, United States Code, Section 843(b).

**COUNT FIVE**

**THE GRAND JURY CHARGES THAT:**

1. From in or about 1986 to on or about November 16, 2007, in Philadelphia, *in the* Eastern District of Pennsylvania, and elsewhere, defendants

**EMMANUEL MOORE,**
**a/k/a "Duck,"**
**THEODORE McFADDEN, Sr.,**
**MONIQUE PEARSON MOORE,**
**a/k/a "Mo,"**
**JAQUEL CREWS,**
**a/k/a "Quelly,"**
**VINCENT CREWS,**
**a/k/a "Vinny," and**
**MARK MILLER,**
**a/k/a "Sharkey"**

conspired and agreed, together and with others known and unknown to the grand jury, to knowingly and intentionally distribute 5 kilograms or more, that is, hundreds of kilograms, of a mixture and substance containing a detectable amount of cocaine, and 50 grams or more, that is multiple kilograms, of a mixture and substance containing a detectable amount of cocaine base ("crack"), each a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

**MANNER AND MEANS**

It was part of the conspiracy that:

**The Frankford Drug Trafficking Associates**

2. The Frankford Drug Trafficking Associates (hereinafter "Frankford DTA"), comprised of defendants EMMANUEL MOORE, JAQUEL CREWS, VINCENT CREWS, and

MARK MILLER, Craig Lofton, charged elsewhere, and others known and unknown to the grand jury, formed and maintained a multi-million dollar cocaine and crack cocaine distribution association based in the Frankford section of Philadelphia, Pennsylvania. The Frankford DTA trafficked hundreds of kilograms of cocaine and crack cocaine in Frankford and other areas of Philadelphia.

3. Defendants EMMANUEL MOORE, JAQUEL CREWS, VINCENT CREWS, and MARK MILLER pooled money with each other, and with others known and unknown to the grand jury, to purchase multi-kilogram quantities of cocaine, received delivery of kilogram quantities of cocaine, packaged cocaine for sale, sold kilogram quantities of cocaine, cooked and packaged cocaine base, or "crack cocaine," for sale, used others to sell cocaine and crack cocaine.

4. Defendants EMMANUEL MOORE, JAQUEL CREWS and MARK MILLER delivered cash to a California-based cocaine supplier, Timothy Carter, a/k/a "Scooby," charged elsewhere, by transporting cash on airline flights from Philadelphia to Los Angeles, California and Las Vegas, Nevada.

5. Defendant EMMANUEL MOORE, through defendant MONIQUE PEARSON MOORE, delivered cash to Carter as payment for kilogram quantities of cocaine in Philadelphia, Pennsylvania when Carter flew from California to Philadelphia.

6. Carter shipped kilogram quantities of cocaine to the Frankford DTA members via delivery services at addresses provided by members of the Frankford DTA.

7. The Frankford DTA members worked together to assure that their unlawful drug trafficking activities remained undiscovered by law enforcement authorities. For example, the Frankford DTA members changed cellular telephone numbers frequently and cooked and packaged their cocaine at addresses other than their own.

8. Because Frankford DTA drug trafficking activities generated millions of dollars in gross receipts and profits, some Frankford DTA members laundered the proceeds of the drug trafficking activities through the purchase of real estate and luxury automobiles.

9. Frankford DTA members protected and promoted the continued viability of the conspiracy by, among other things: (a) retaining lawyers for criminally charged individuals who worked with Frankford DTA members; and (b) paying legal fees for criminally charged individuals who worked with Frankford DTA members.

10. Frankford DTA members used violence and threats to further the goals of the conspiracy.

11. Frankford DTA members used various residences belonging to them and others as "stash houses" to store and package cocaine and crack cocaine.

12. Defendant MONIQUE PEARSON MOORE assisted defendant EMMANUEL MOORE by holding money and cocaine, making payments for cocaine, and making arrangements for the purchase and sale of cocaine and crack cocaine.

All in violation of Title 21, United States Code, Section 846.

## COUNT SIX

**THE GRAND JURY CHARGES THAT:**

On or about January 15, 2009, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**MONIQUE PEARSON MOORE,**
**a/k/a "Mo," and**
**MELVA PACK**

knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or more, that is, approximately 108 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A) and Title 21, United States Code, Section 2.

**COUNT SEVEN**

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about January 15, 2009, in the Eastern District of Pennsylvania, defendants

**MONIQUE PEARSON MOORE,**
**a/k/a "Mo," and**
**MELVA PACK**

knowingly and intentionally used a communication facility, that is, a telephone, in committing and in causing and facilitating a felony, that is, the distribution 50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), in that they discussed the distribution of approximately 108 grams of crack cocaine to T.M., a person known to the grand jury.

In violation of Title 21, United States Code, Section 843(b).

**NOTICE OF FORFEITURE**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 21, United States Code, Sections 841(a)(1) and 846, set forth in this superseding indictment, defendants:

**EMMANUEL MOORE,**
**a/k/a "Duck,"**
**THEODORE McFADDEN, Sr.,**
**MONIQUE PEARSON MOORE,**
**a/k/a "Mo,"**
**JAQUEL CREWS,**
**a/k/a "Quelly,"**
**VINCENT CREWS,**
**a/k/a "Vinny," and**
**MARK MILLER,**
**a/k/a "Sharkey"**

shall forfeit to the United States of America:

(a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; and,

(b) any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of such offense, including but not limited to

1. 1727 Harrison Street
   Philadelphia, PA;

2. 2410 Vista Street
   Philadelphia, PA;

3. 4558 N. 19th Street
   Philadelphia, PA;

4. 4829 Mulberry Street
   Philadelphia, PA

5. 75 Meetinghouse Lane
Sicklerville, NJ:

6. 1827 Fillmore Street,
Philadelphia, PA;

7. 1684 Margaret Street
Philadelphia, PA;

8. 4834 Tackawanna Street
Philadelphia, PA;

9. 1634 Foulkrod Street
Philadelphia, PA;

10. 4906 Cottage Street
Philadelphia, PA; and

11. 4635 Dittman Street
Philadelphia, PA

2. If any of the property described above, as a result of any actor omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of this Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

______________________________

**GRAND JURY FOREPERSON**

______________________________

**ZANE DAVID MEMEGER**
**United States Attorney**