**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 10-663** |
| **v.** | **:** | |
| **EMMANUEL MOORE,** | **:** | |
| **a/k/a "Duck,"** | | |
| **a/k/a "Shorty,"** | **:** | |
| **a/ka/ Hassin Bethea"** | | |
| **THEODORE MCFADDEN, SR.** | **:** | |
| **MONIQUE PEARSON MOORE,** | | |
| **a/k/a "Mo"** | **:** | |
| **JAQUEL CREWS,** | | |
| **a/k/a "Quelly"** | **:** | |
| **VINCENT CREWS,** | | |
| **a/k/a "Vinny"** | **:** | |
| **MARK MILLER,** | | |
| **a/k/a "Sharkey"** | **:** | |
| **MELVA PACK** | | |

**O R D E R**

AND NOW, this day of , 20__, upon consideration of the government's motion for complex case designation and special listing, it is ORDERED that this case is listed for trial on _______________, at 9:30 a.m.

BY THE COURT:

________________________________________

HONORABLE JOHN R. PADOVA
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 10-663** |
| **v.** | **:** | |
| **EMMANUEL MOORE,** | **:** | |
| **a/k/a "Duck,"** | | |
| **a/k/a "Shorty,"** | **:** | |
| **a/ka/ Hassin Bethea"** | | |
| **THEODORE MCFADDEN, SR.** | **:** | |
| **MONIQUE PEARSON MOORE,** | | |
| **a/k/a "Mo"** | **:** | |
| **JAQUEL CREWS,** | | |
| **a/k/a "Quelly"** | **:** | |
| **VINCENT CREWS,** | | |
| **a/k/a "Vinny"** | **:** | |
| **MARK MILLER,** | | |
| **a/k/a "Sharkey"** | **:** | |
| **MELVA PACK** | | |

**O R D E R**

AND NOW, this day of , 20__, upon consideration of the government's motion for complex case designation and special listing, the Court FINDS as follows:

1. This case is unusual and complex due to the nature of the prosecution, stemming from a multi-district investigation, as well as the number of witnesses, recorded conversations and documents that will be proferred in discovery and presented at trial. Given this complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(8)(A) and (B)(I), (ii), (iv).

2. This case is unusual and complex for the following reasons:

a) The second superseding indictment charges three of the named defendants with a conspiracy to distribute approximately eight kilograms of cocaine in violation of 21 U.S.C. § 846 from May 2007 through June 2008, and charges six of the seven named defendants with a conspiracy to distribute hundreds of kilograms of cocaine, in violation of 21 U.S.C. § 846 from 1986 to November 2007, as well as charging various defendants with distribution of cocaine base, attempted possession with intent to distribute 5 kilograms or more of cocaine, unlawful use of a communication facility, and money laundering. The government also anticipates the filing of a third superseding indictment, with additional charges being brought against several of these defendants.

b) In short, the evidence will show that defendants Emmanuel Moore, Monique Pearson Moore, Jaquel Crews, Vincent Crews and Mark Miller were the main players in a cocaine distribution conspiracy and were involved in the acquisition of kilogram quantities of cocaine for distribution and sale and conversion of cocaine to cocaine base for distribution and sale. In addition, the evidence will show that defendants Jaquel Crews, Vincent Crews and Mark Miller laundered their drug proceeds and conspired to launder drug proceeds throughout the course of much of the drug trafficking conspiracy. The available evidence includes: multiple consensually recorded and prison telephone conversations, consensually-recorded meetings; pen register data; telephone toll analyses; surveillance by DEA; seizures of evidence, including cocaine, packaging material and

money, voluminous financial records and documentation concerning purchases of properties and other goods with drug purchases.

c) The trial evidence will include hours of consensual recordings, as well as the testimony of at least ten cooperating witnesses, at least fifteen other fact witnesses, at least ten law enforcement witnesses, and various experts.

d) In the government's estimation, the trial of this case will require approximately three to four weeks and will involve more than forty witnesses, the playing of several hours of recordings derived from consensual telephone calls and meetings between cooperating witnesses and various defendants in this case.

e) Considerable Rule 16 discovery materials will be made available to the defendants. The government will make available to the defendants consensual recordings, together with transcripts of the consensual conversations prior to trial, as well as pen register data, telephone toll analyses, and numerous reports and documentation on proffers and meetings with cooperating witnesses, surveillance, searches and seizures. In the course of the investigation of this case, the government has captured information on hundreds of telephone calls through pen register data and telephone toll analyses.

3. This case is relatively unusual and complex due to the number of defendants charged in the indictment, the number of potential witnesses, and the number of the recordings involved, as well as the volume of pen register data, telephone toll analyses, as well as financial documents, agents' reports and other documents that will be made

available in discovery. It is, therefore, unreasonable to expect adequate and effective preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act taking into account the exercise of due diligence.

4. These factors and the ends of justice outweigh the public and the defendant's best interest in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A) and (B)(I), (ii), (iv). The ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act.

5. It is ORDERED, pursuant to 18 U.S.C. § 3161(h)(8)(A) that this case is CONTINUED beyond the time limits established by the Speedy Trial Act.

BY THE COURT:

_________________________________

HONORABLE JOHN R. PADOVA
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 10-663** |
| **v.** | : | |
| **EMMANUEL MOORE,**<br>**a/k/a "Shorty,"**<br>**a/ka/ Hassin Bethea"** | :<br><br>: | |
| **THEODORE MCFADDEN, SR.** | | |
| **MONIQUE PEARSON MOORE,**<br>**a/k/a "Mo"** | : | |
| **JAQUEL CREWS,**<br>**a/k/a "Quelly"** | : | |
| **VINCENT CREWS,**<br>**a/k/a "Vinny"** | : | |
| **MARK MILLER,**<br>**a/k/a "Sharkey"** | : | |
| **MELVA PACK** | : | |

**GOVERNMENT'S MOTION FOR COMPLEX**
**CASE DESIGNATION AND SPECIAL LISTING**

The United States of America, represented by Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, K.T. Newton and Nancy Rue, Assistant United States Attorneys, requests that the Court designate this case as complex within the meaning of the Speedy Trial Act and specially list this matter for trial beginning in August 2011.

In support of this motion, the government states the following:

1. An Indictment charging the following three defendants: Emmanuel Moore, a/k/a "Duck," a/k/a "Shorty," a/k/a "Hassin Bethea"; Theodore McFadden, Sr.; and Monique Pearson Moore, a/k/a "Mo" was filed on October 6, 2010 and unsealed on October

8, 2010. A Superseding Indictment charging the following seven defendants: Emmanuel Moore, a/k/a “Duck,” a/k/a “Shorty,” a/k/a “Hassin Bethea”; Theodore McFadden, Sr.; Monique Pearson Moore, a/k/a “Mo”; Jaquel Crews, a/k/a “Quelly”; Vincent Crews, a/k/a “Vinnie”; Mark Miller, a/k/a “Sharkey”;Rolando; and Melva Pack was filed on November 3, 2010 and unsealed on November 9, 2010. A Second Superseding Indictment charging those same seven defendants: Emmanuel Moore, a/k/a “Duck,” a/k/a “Shorty,” a/k/a “Hassin Bethea”; Theodore McFadden, Sr.; Monique Pearson Moore, a/k/a “Mo”; Jaquel Crews, a/k/a “Quelly”; Vincent Crews, a/k/a “Vinnie”; Mark Miller, a/k/a “Sharkey”;Rolando; and Melva Pack was filed on December 15, 2010. The defendants have not yet been arraigned on the charges in the Second Superseding Indictment and the case has not yet been set for trial.

2. Defense counsel will require sufficient time to review the voluminous documentary evidence, and many recordings in this case.

3. The second superseding indictment charges three of the named defendants with a conspiracy to distribute approximately eight kilograms of cocaine in violation of 21 U.S.C. § 846 from May 2007 through June 2008, and charges six of the seven named defendants with a conspiracy to distribute hundreds of kilograms of cocaine, in violation of 21 U.S.C. § 846 from 1986 to November 2007, as well as charging various defendants with distribution of cocaine base, attempted possession with intent to distribute 5 kilograms or more of cocaine, unlawful use of a communication facility, and money

laundering. The government also anticipates the filing of a third superseding indictment, with additional charges being brought against several of these defendants.

4. In short, the evidence will show that defendants Emmanuel Moore, Monique Pearson Moore, Jaquel Crews, Vincent Crews and Mark Miller were the main players in a cocaine distribution conspiracy and were involved in the acquisition of kilogram quantities of cocaine for distribution and sale and conversion of cocaine to cocaine base for distribution and sale. In addition, the evidence will show that defendants Jaquel Crews, Vincent Crews and Mark Miller laundered their drug proceeds and conspired to launder drug proceeds throughout the course of much of the drug trafficking conspiracy. The available evidence includes: multiple consensually recorded and prison telephone conversations, consensually-recorded meetings; pen register data; telephone toll analyses; surveillance by DEA; seizures of evidence, including cocaine, packaging material and money, voluminous financial records and documentation concerning purchases of properties and other goods with drug purchases.

5. The trial evidence will include hours of consensual recordings, as well as the testimony of at least ten cooperating witnesses, at least fifteen other fact witnesses, at least ten law enforcement witnesses, and various experts.

6. In the government's estimation, the trial of this case will require approximately three to four weeks and will involve more than forty witnesses, the playing of several hours of recordings derived from consensual telephone calls and meetings between cooperating witnesses and various defendants in this case.

7. Considerable Rule 16 discovery materials will be made available to the defendants. The government will make available to the defendants consensual recordings, together with transcripts of the consensual conversations prior to trial, as well as pen register data, telephone toll analyses, and numerous reports and documentation on proffers and meetings with cooperating witnesses, surveillance, searches and seizures. In the course of the investigation of this case, the government has captured information on hundreds of telephone calls through pen register data and telephone toll analyses.

8. This case is relatively unusual and complex due to the number of defendants charged in the indictment, the number of potential witnesses, and the number of the recordings involved, as well as the volume of pen register data, telephone toll analyses, as well as financial documents, agents' reports and other documents that will be made available in discovery. It is, therefore, unreasonable to expect adequate and effective preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act taking into account the exercise of due diligence.

9. These factors and the ends of justice outweigh the public and the defendants' best interests in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A) and (B)(I), (ii), (iv). The ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act.

10. In view of the large number of witnesses, the length of the various tape recorded evidence, and the volume of financial records, agents' reports and other records involved in the case, a special listing would facilitate the orderly trial of this case by insuring that the attorneys have no conflicting commitments.

11. Accordingly, the government respectfully requests that this case be designated complex for Speedy Trial Act purposes and that it be specially listed for trial.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

___________/s/_____________________
K.T. NEWTON
Assistant United States Attorney
NANCY RUE
Assistant United States Attorney

Date: December 22, 2010

**CERTIFICATE OF SERVICE**

I certify that on this day I filed the government's motion for complex case designation and special listing via ECF, and thus caused to be served upon:

_____________/s/______________________
K.T. NEWTON
Assistant United States Attorney

Date: December 22, 2010