**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | |
| | : | **CRIM. NO. 10-663** |
| **JAQUEL CREWS, a/k/a "Quelly"** | : | |
| **MARK MILLER, a/k/a "Sharkey"** | : | |

**ORDER**

AND NOW, this day of , 2012, upon consideration of the motion *in limine* of the government made pursuant to Federal Rule of Evidence 104, the Court finds that bank records of Third Federal Bank, supplementing the following government exhibits:

Ex. 140A (bank records of Third Federal Bank account of MJM Development and Demo)
Ex. 140B (bank records of Third Federal Bank account of Mark J. Miller)
Ex. 140C (bank records of account of Jaquel Crews)

are authentic and are business records within the meaning of Federal Rule of Evidence 803(6), and subject only to a determination of relevance by the Court at or in advance of trial, are admissible at trial.

The Court further finds that, as reflected in the two Certificates of Authenticity executed by the records custodian of Third Federal Bank, Camille Glaze, dated October 26, 2011 and November 7, 2011 (which accompanied the subject bank records of Third Federal Bank), these exhibits are records of regularly conducted business activity that were made at or near the time of the activity by, or from information transmitted by persons with knowledge; the records were kept in the course of the regularly conducted business activity; and it was the regular practice of the business to make these records. Therefore, such exhibits are self-authenticating

within the meaning of F.R.E. 902(11) and, as such, extrinsic evidence of authenticity as a condition precedent to admissibility is not required.

**BY THE COURT:**

**HONORABLE JOHN R. PADOVA**
***Judge, United States District Court***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | |
| | : | **CRIM. NO. 10-663** |
| **JAQUEL CREWS,** a/k/a "Quelly" | : | |
| **MARK MILLER,** a/k/a "Sharkey" | : | |

**GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE* FOR A DETERMINATION THAT RECORDS QUALIFY AS BUSINESS RECORDS UNDER FEDERAL RULE OF EVIDENCE 803(6)**

The government, by its counsel, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and James R. Pavlock, Assistant United States Attorney, hereby moves the court for a determination, *in limine*, under Federal Rule of Evidence 104, that bank records from Third Federal Bank, which are accompanied by two Certificates of Authenticity of Camille Glaze, custodian of records of Third Federal Bank, dated October 26, 2011 and November 7, 2011 respectively (see Attachment A hereto), pertaining to additional records supplementing in the following government exhibits:

Ex. 140A (bank records of Third Federal Bank account of MJM Development and Demo)
Ex. 140B (bank records of Third Federal Bank account of Mark J. Miller)
Ex. 140C (bank records of Third Federal Bank account of Jaquel Crews)

are authentic business records within the meaning of Federal Rules of Evidence 803(6) and 902(11), and subject to a determination of relevance by the Court at or in advance of trial, are admissible at trial.

The government respectfully moves for a determination on its request sufficiently in advance of trial in order to facilitate adequate preparation in arranging for potential witnesses. The government's reasons are set forth in the attached memorandum.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

JAMES R. PAVLOCK
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **v.** | : |
| | : |
| **JAQUEL CREWS,**<br>**a/k/a "Quelly"** | : |
| **MARK MILLER,**<br>**a/k/a "Sharkey"** | : |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* FOR A DETERMINATION THAT RECORDS QUALIFY AS BUSINESS RECORDS UNDER FEDERAL RULE OF EVIDENCE 803(6)**

The government seeks another preliminary determination in advance of trial, as authorized by Federal Rule of Evidence 104, of the admissibility of certain evidence under F.R.E.803(6) (business records exception to hearsay) and 902(11) (self-authentication of certified domestic records of regularly conducted activity). The government attaches hereto (Attachment A) two "Certificates of Authenticity" executed by Third Federal Bank custodian of records Camille Glaze, authenticating the records within the requirements of F.R.E. 902(11). These records cover additional bank records supplementing the following government exhibits already marked[1] in the above-captioned trial matter:

Ex. 140A (bank records of Third Federal Bank account of MJM Development and Demo)
Ex. 140B (bank records of Third Federal Bank account of Mark J. Miller)
Ex. 140C (bank records of Third Federal Bank account of Jaquel Crews)

On October 19, 2011, on motion of the government, this Court entered an order, without objection from the defendants, authenticating a number of bank, credit card company, auto dealership, phone company, hotel and other business records. That motion, like the instant

[1] Bank records from Third Federal Bank marked as these exhibits were previously authenticated by the Court in its October 19, 2011 order. The government here seeks to authenticate some limited additional records, which generally are bank statements and records of cash deposits into these accounts.

motion, attached Certificates of Authenticity executed by the respective business records custodians, and the records were provided to the defendants in advance and were available for inspection as marked as exhibits. The entry of the Court's order on October 19, 2011 obviated the need for the government to call some 30 custodians of record at trial to authentic bank and business records.

Since the entry of that Court order, the government received a small number of additional bank records from Third Federal Bank, which were accompanied by the two Certificates of Authenticity attached here as Attachment A. Those records consisted of bank records related to accounts of Mark Miller, MJM Development (Miller's) and Jaquel Crews, which are marked for trial as Exhibits 140A, 140B and 140C.

Like before, in order to avoid the necessity of the Third Federal Bank custodian from testifying to authenticate these additional records, the government requests that the Court, as provided in Rule 104, make the preliminary determination that the foundational prerequisites for admissibility under F.R.E. 803(6) and 902(11) have been met and that, as such, the listed exhibits are admissible, subject only to a determination of relevance. **I.**

**BACKGROUND OF THE CASE**

As identified in the government's first motion seeking pre-trial authenticity of business records, on October 6, 2010, the grand jury returned an indictment, charging Emmanuel Moore, Theodore McFadden, Sr., Monique Pearson Moore with conspiracy to distribute 5 kilograms or more (approximately 8 kilograms) of cocaine, in violation of 21 U.S.C.§ 846, attempted possession of 500 grams or more (approximately 3 kilograms) of cocaine , in violation of 21 U.S.C.§ 841(a)(1), (b)(1)(B) , and unlawful use of a communications facility, in violation of 21 U.S.C.§ 843(b).

On November 3, 2010, the grand jury returned a Superseding Indictment, adding a charge against defendants Emmanuel Moore, Theodore McFadden, Sr., Monique Pearson Moore, Jaquel Crews, Vincent Crews, and Mark Miller of conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §846. On December 15, 2010, the grand jury returned a Second Superseding Indictment, adding charges against Jaquel Crews and Mark Miller of multiple counts of money laundering, in violation of 18 U.S.C. §1956. Defendants Crews and Miller are set for trial on November 7, 2011.

In the indictment, the government alleges that defendants Emmanuel Moore, Monique Pearson Moore, Jaquel Crews, Vincent Crews and Mark Miller were the main players in a cocaine distribution conspiracy that spanned the years 1986 through 2007 and were involved in the acquisition of kilogram quantities of cocaine for distribution and sale and conversion of cocaine to cocaine base for distribution and sale. In addition, the government alleges that defendants Jaquel Crews and Mark Miller laundered their drug proceeds throughout the course the drug trafficking conspiracy, primarily through the purchase of homes with cash, the improvement of those homes, and the refinancing of those homes under false pretenses, thereby concealing the nature and source of the drug proceeds they earned.

In years that they filed tax returns, defendants Crews and Miller reported relatively modest income. Nonetheless, the government evidence will demonstrate at trial over two hundred thousand dollars in cash deposited by Crews into his bank accounts and a significant amount of cash deposited into Miller's bank accounts. A significant amount of the cash deposits were made into the Third Federal Savings Bank accounts.

The evidence will show that both Crews and Miller purchased numerous homes, usually with cash at least in some part, and invested more cash drug proceeds into improving these homes. Miller re-financed these homes and took checks received in settlement and cashed them at

a local check cashing agency for tens of thousands of dollars in cash. Crews also used proceeds from the sale of some properties to purchase other homes or to cash the large proceeds checks at a check casher. This financial evidence corroborates the government's case that the defendants were engaged in a wide-scale, and profitable, drug trafficking enterprise, and laundering the funds through the purchase, re-finance and sale of real estate.

The government seeks a preliminary determination of admissibility of additional bank records received from Third Federal Bank. These records, along with the Certificates of Authenticity, were provided to defendants several months ago, and are available for inspection as marked exhibits. These additional records establish cash deposits into the defendants' bank accounts during the period of the conspiracy.

This Motion is intended to further streamline the trial by obviating the need for the custodian of record to testify.

## II. F.R.E. 104 AND PRELIMINARY DETERMINATIONS OF ADMISSIBILITY OF BUSINESS RECORDS

The Court's prerogative to make preliminary determinations regarding the application of the rules of evidence is set forth in Rule 104. Rule 104(a) provides:

> Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

This rule applies to all preliminary determinations, including the question whether documents fall within the business records exception to the hearsay rule. *See In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 287-88 (3d Cir. 1983) (holding that the determination is made by the judge rather than jury, and that the court is not confined to admissible evidence).

The prerequisites for admissibility under Rule 803(6) (or any other rule of evidence) must be established to the Court by a preponderance of the evidence. *Id.* at 287; *see also Bourjaily v. United States*, 483 U.S. 171, 175 (1987). Rule 803(6) provides that the following is not excluded by the hearsay rule:

> (6) Records of Regularly Conducted Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

In this matter, as authorized by Rule 803(6), the government has established the authenticity of the records in question, as well as their admissibility under Rule 803(6), through certifications ("Certificates of Authenticity") obtained from the Third Federal Bank custodian of records, as contemplated in Rule 803(6). Rule 902, relating to "Self-Authentication" of documents, provides that business records certified in accordance with subsection (11) of Rule 902 are self-authenticating, and thus extrinsic evidence of authenticity (i.e., testimony of records custodians) is not required:

> (11) Certified Domestic Records of Regularly Conducted Activity.--The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record--
>
> > (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

> (B) was kept in the course of the regularly conducted activity; and
>
> (C) was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

The attached certifications, see Attachment A, attest to the foundational requirements cited in these rules with respect to the government exhibits at issue. The government has previously provided a copy of these certifications to the defendants. The business records, previously provided in discovery and now marked as exhibits, remain available for inspection as marked along with the accompanying certifications. The records also are available for the Court's inspection. Accordingly, the government has complied with the requirement of advance notice to the defense and has provided an opportunity for inspection of the record exhibits.

It bears mentioning that the admissibility of business records under Rule 803(6) and 902(11), and the procedure set forth in Rule 104 for determination of the preliminary questions regarding admissibility, are unaffected by the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), which applies to certain hearsay. In *Crawford*, the Supreme Court held that any "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. However, the Court made clear that business records admitted pursuant to an evidentiary hearsay exception are not the type of testimonial statements with which the Sixth Amendment Confrontation Clause is concerned. *See also Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (June 25, 2009).

To determine the scope of the Confrontation Clause, the *Crawford* Court examined the "historical background of the Clause to understand its meaning." 541 U.S. at 43.. It concluded that "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused." *Id.* at 50. As a prominent example, the Court cited the 1603 treason trial of Sir Walter Raleigh, at which the accusatory statement of Sir Walter's alleged accomplice was read in court and the witness was never produced for cross-examination. *Id.* at 44.

The Court stated that the Sixth Amendment is directed at "testimonial" hearsay, and prohibits the introduction of such statements unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. It cited prior testimony as an example of such hearsay. The Court specifically observed that business records "by their nature" are not testimonial. *Id.* at 56.

The decision in *Crawford*, assuring a right to confront witnesses at trial, also has no bearing on the pre-trial determination of admissibility authorized by Rule 104. That rule has long provided that the rules of evidence do not apply in the trial judge's determination of admissibility. Further, the Supreme Court has often held that the right of confrontation does not apply to the same extent at pretrial hearings as it does at trial. For example, the Court has held that hearsay is admissible at a pretrial suppression hearing. "[T]he interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." *United States v. Raddatz*, 447 U.S. 667, 679 (1980); *see also United States v. Matlock*, 415 U.S. 164, 172-75 (1974) (suppression hearing); *McCray v. Illinois*, 386 U.S. 300, 312-13 (1967) (probable cause hearing).

In *Bourjaily v. United States*, 483 U.S. 171 (1987), the Court addressed the preliminary determination under Rule 104 regarding whether a statement qualifies for admission under the co-conspirator exception to the hearsay rule. The Court held that the proponent of the evidence, in a preliminary inquiry under Rule 104, must establish the prerequisites of admissibility by a preponderance of the evidence. *Id.* at 175. The Court stated that "the evidentiary standard is unrelated to the burden of proof on the substantive issues," and "[t]he preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration." *Id.*

The Supreme Court further observed that "[t]he Rule on its face allows the trial judge to consider any evidence whatsoever, bound only by the rules of privilege." *Id.* at 178. Accordingly, the Court determined that in deciding whether a conspiracy existed, in order to address the admissibility of a co-conspirator statement under Rule 801(d)(2)(E), the trial court may consider the hearsay statement itself. *Id.* Finally, with respect to the co-conspirator statements, the Court held: "We also reject any suggestion that admission of these statements against petitioner violated his rights under the Confrontation Clause of the Sixth Amendment." *Id.* at 181.

After the *Crawford* decision, courts have routinely held that a certification under Rule 902(11) does not violate the Confrontation Clause. *E.g., United States v. Kahre,* 610 F. Supp. 2d 1261 (D. Nev. 2009) (certificates of record custodians were not testimonial evidence and thus did not violate Confrontation Clause); *United States v. Adefehinti,* 510 F.3d 319, 327-328 (D.C. Cir. 2007); *United States v. Ellis,* 460 F.3d 920, 927 (7th Cir. 2006); *United States v. Weiland*, 420 F.3d 1062, 1076-77 (9th Cir. 2005); *United States v. Ellis*, 460 F.3d 920, 927 (7th

Cir. 2006); *accord United States v. Cervantes-Flores*, 421 F.3d 825 (9th Cir. 2005) (certificate of absence of record); *United States v. Rueda-Rivera*, 396 F.3d 678 (5th Cir. 2005) (same); *United States v. Yeley-Davis*, 732 F.3d 673, 677 (10th Cir. 2011) (certificates of authenticity for phone records not testimonial). *See also United States v. Bansal*, 663 F.3d 634, 667 (3d Cir. 2011) ("the Supreme Court has indicated that business recorsd are almost never 'testimonial' for Confrontation Clause purposes," *citing Melendez-Diaz v. Massachusetts*.).

## IV. CONCLUSION

For all of these reasons, the government respectfully requests that the Court enter a order *in limine,* in advance of trial, finding the additional bank records included in Exhibits 140A, 140B and 140C admissible, subject to a determination of relevance at trial, under F.R.E. 803(6), as self-authenticating documents under F.R.E. 902(11).

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

JAMES R. PAVLOCK
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Government's Motion *in Limine* upon the following by filing it with the Court's Electronic Case Filing System:

KENNETH C. EDELIN, JR
kedelin@myphillylawyer.com

GIOVANNI CAMPBELL
giovanni@campbell.us

s/ James R. Pavlock
JAMES R. PAVLOCK
Assistant United States Attorney

Dated: February 14, 2012

# ATTACHMENT A

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, Camille Glaze attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. Section 1746 that the information contained in this declaration is true and correct, that I am employed by Third Federal Bank and that my official title is Bank Security Officer, AVP. I am a custodian of records for such business entity. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Third Federal Bank_ (name of business from which documents are produced), and that I am the custodian of the attached records.

I further state that:

1. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

2. such records were kept in the course of a regularly conducted business activity of the business; and

3. such records were made by the business as a regular practice.

10/26/2011
Date

Camille D. Glaze
Signature

GOVERNMENT EXHIBIT
C-140.2
PENGAD 800-631-6989

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)**

I, Camille Glaze attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. Section 1746 that the information contained in this declaration is true and correct, that I am employed by Third Federal Bank and that my official title is Bank Security Officer, AVP. I am a custodian of records for such business entity. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Third Federal Bank (name of business from which documents are produced), and that I am the custodian of the attached records.

I further state that:

1. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

2. such records were kept in the course of a regularly conducted business activity of the business; and

3. such records were made by the business as a regular practice.

Nov. 7, 2011
Date

Camille D. Glaze
Signature

GOVERNMENT EXHIBIT C-140.3
PENGAD 800-631-6989