**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 10-663-4, 6** |
| | : | |
| **v.** | : | |
| | : | |
| **JAQUEL CREWS,** | : | |
| **a/k/a "Quelly,"** | : | |
| **MARK MILLER,** | : | |
| **a/k/a "Sharkey"** | : | |

**ORDER**

AND NOW, this day of February, 2012, upon consideration of the Government's motion, and for just cause shown, it is hereby **ORDERED** that the Government's Motion in Limine to Admit Testimony from WITNESS #1 is GRANTED.

The Court finds that the testimony is admissible as relevant to establishing the charges in the Indictment.

The Court also finds that the probative value of this evidence is not substantially outweighed by any prejudicial effect under Rule 403.

BY THE COURT:

________________________________

HONORABLE JOHN PADOVA
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 10-663-4, 6** |
| | : | |
| **v.** | : | |
| | : | |
| **JAQUEL CREWS,** | : | |
| **a/k/a "Quelly,"** | : | |
| **MARK MILLER,** | : | |
| **a/k/a "Sharkey"** | : | |

**GOVERNMENT'S FOURTH MOTION IN LIMINE TO ADMIT TESTIMONY FROM PERSON #1**

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and K.T. Newton and James R. Pavlock, Assistant United States Attorneys, files this Motion in Limine to Admit Testimony from Person #1. In support of its motion, the United States sets forth the following:

## I. INTRODUCTION

The government intends to introduce testimony at trial from WITNESS #1, who is a witness in this case. On or about December 12, 2012, WITNESS #1 was housed at the Federal Detention Center with defendant Mark Miller, who was awaiting trial in a federal drug trafficking case stemming from a local arrest in September, 2005.[1] Miller ultimately pled guilty to these charges. WITNESS #1 was in detention for a violation of his federal supervised

[1] The government has previously provided grand jury testimony and a DEA report to the defendant of Person #1's statements about his conversations with Miller.

release, for which he was ultimately sentenced.

WITNESS #1 will testify that Miller was his cell mate at the FDC for several months, Miller confided in WITNESS #1 after Miller was satisfied that WITNESS #1 was not cooperating with the government. Miller eventually trusted WITNESS #1 so much that he asked WITNESS #1 to assist him with writing letters to his attorney and in defending against his oustanding charges.

WITNESS #1 will testify that he and Miller talked frequently everyday throughout this period and discussed Miller's open drug trafficking case at the time. Miller described frequently to WITNESS #1 that he made hundreds of thousands of dollars selling "product" "on the street" through drug trafficking, that he had been "in the game" (drug trafficking) for a while, and that he (Miller) bought homes with the money he earned. Miller described that he could make a hundred thousand dollars on a drug transaction. WITNESS #1 will testify that he offered advice to Miller that he should file some sort of tax returns identifying, for example, gambling earnings in order to conceal the true nature of Miller's earnings and his use of those earnings by buying homes. Miller told WITNESS #1 that he had a contact at Wachovia bank who would push through lines of credit for him, and that he bought stolen Home Depot gift cards at a discount in order to make purchases at Home Depot in connection with his renovation of his homes. WITNESS #1 would also testify that Miller never mentioned to him that he had a legitimate job.

The government seeks to introduce at trial the admissions of Miller that occurred at the Federal Detention Center for several month after December 12, 2008, through the testimony of PERSON #1.

## II. CONTROLLING LAW

Fed. R. Evid. 401 provides that:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In this case, the evidence of Miller's drug trafficking in September, 2005 is directly relevant to establishing events in the ongoing drug trafficking conspiracy charged in the indictment. For example, Overt Act #31 describes that in September 2005, defendant Miller made a partial payment in the amount of approximately $5000 to M.D., for the purchase of approximately 2 to 3 kilograms of cocaine. The arrest for which Miller was in FDC custody in December 2008, the facts of which he pled guilty to in U.S. District Court (Crim. No. 07-0663), are connected to the allegations in Overt Act #31. In addition, the Court ruled at the recent pre-trial conference that Miller's admission to the underlying facts of the indictment is admissible in the instant trial. Thus, PERSON #1's testimony about admissions made by Miller about his ongoing drug trafficking activity to PERSON #1 is directly related and relevant to the conspiracy charged in the indictment.

Moreover, Miller's admissions about how he laundered funds earned through his drug trafficking by the purchase of homes is also directly related to the money laundering charges in the Indictment.

Fed. R. Evid. 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighted by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Evidence is unfairly prejudicial if it suggests a decision on an improper basis. See Fed. R. Evid. 403, Advisory Committee Note. "As Rule 403 makes explicit, the law shields a defendant against unfair prejudice, not against all prejudice." United States v. Smith, 292 F.3d 90, 99 (1st Cir. 2002) (emphasis in original).

The government specifically seeks a ruling here from the Court that PERSON #1's reference to the fact that these conversations took place at the Federal Detention Center, while he and Miller were cell mates is not unduly prejudicial. Without this evidence, the context in which the admissions were made by Miller would be lost upon the jury. PERSON #1 will testify that when he first entered the cell with Miller, Miller wanted to see "his papers" (i.e., any documents that PERSON #1 that would show the nature of his charges, if he was cooperating with the government, etc). PERSON #1 assured Miller that he was not cooperating, and Miller came to trust PERSON #1 enough to confide in him about his underlying criminal conduct. The fact that PERSON #1 will testify that he assisted Miller in writing letters to Miller's attorney and advising him on how to fight the charges facing Miller all goes to corroborate PERSON #1's account of what Miller admitted to him. If the jury were to be precluded from knowing that these conversations took place as both men were cell mates, they will not appreciate the trustworthiness of PERSON #1's testimony. [2]

---

[2] Even if the court were to find that there is potential undue prejudiceof the jury's knowing that Miller was in custody at some point prior to the instant indictment, this prejudice can be reduced through a proper limiting instruction. As the Third Circuit has stressed, a limiting instruction eliminates any potential for unfair prejudice and ensures that the jury does not consider the evidence for an improper purpose. United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir. 1996); see also United States v. Givan, 320 F.3d 452, 462 (3d Cir. 2003) ("We note ... that it is a basic tenet of our jurisprudence that a jury is presumed to have followed the instructions the court gave it"; "If we preclude the use of evidence admissible under Rule 404(b) because of a concern that jurors will not be able to follow the court's instructions regarding its use we will

As long as the district court adequately explains its reasons for admitting or excluding evidence pursuant to Rule 403, the decision is entirely within the court's discretion and the Court of Appeals reviews the decision only for an abuse of discretion. Government of Virgin Islands v. Blake, 118 F.3d 972, 977 (3d Cir. 1997). Indeed, the Third Circuit has stated that "if judicial restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal." Balter, 91 F.3d at 442; see also United States v. Retos, 25 F.3d 1220, 1228 (3d Cir. 1994) ("It is the trial court, of course, and not the Court of Appeals, which is in the best position to consider the complicated evidentiary issues involved in a given case, and to strike the balance required by Rule 403."); Sampson, 980 F.2d at 886 (the district court's weighing process under Rules 404(b) and 403 receives "considerable leeway").

Accordingly, the testimony of PERSON #1, including the fact that the conversations with Miller occurred while they both were in custody, should be allowed.

## IV. CONCLUSION

WHEREFORE, the United States respectfully moves this Court to enter the attached order admitting the testimony from PERSON #1.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

s/James R. Pavlock
JAMES R. PAVLOCK
K.T. NEWTON
Assistant United States Attorneys

---

inevitably severely limit the scope of evidence permitted by that important rule.").

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the Government's Motion *in Limine* by electronic filing on:

Kenneth C. Edelin, Jr.
*Attorney for Jaquel Crews*
kedelin@myphillylawyer.com

Giovanni Campbell, Esquire
*Attorney for Mark Miller*
giovanni@campbell.us

s/ James R. Pavlock
JAMES R. PAVLOCK
Assistant United States Attorney

Dated: February 27, 2012