IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 10-663-4, -6
:
JAQUEL CREWS AND MARK MILLER :

**O R D E R**

**AND NOW**, this 9th day of March, 2012, upon consideration of the Government's objections to Defendant Jaquel Crews's introduction into evidence of recordings of prison telephone calls between Craig Lofton and other individuals, and the argument held on the record on this date,[1] **IT IS HEREBY ORDERED** as follows:

1. The Government's objection to Defendant's introduction of telephone call number 142857792054273 is **SUSTAINED** for the reasons stated on the record on March 9, 2012.

2. The Government's objection to Defendant's introduction of the telephone call that took place on March 3, 2009, is **SUSTAINED** for the reasons stated on the record on March 9, 2012.

3. The Government's objection to Defendant's introduction of telephone call number 334409729 is **SUSTAINED** as to the portions of the telephone call that begin at 2:26

[1]Defendant Jaquel Crews seeks to enter into evidence recordings of portions of telephone calls in which Craig Lofton, a prosecution witness, participated while he was held at the Berks County Prison in 2009. The Government objects to the admission of all of this evidence as hearsay, as irrelevant, and/or as inadmissible evidence of prior bad acts governed by Federal Rule of Evidence 608(b). While we are sustaining many of the Government's objections for the reasons stated on the record during the March 9, 2012 argument, we conclude that there has been a sufficient showing, based upon the submissions made by Defendant, that some of these recordings may be regarded as prior inconsistent statements that are admissible pursuant to Federal Rule of Evidence 613 for the purposes of impeachment, an appropriate foundation having been made at trial.

and 10:20 for the reasons stated on the record on March 12, 2012. The Government's objection to Defendant's introduction of the portions of this telephone call that begin at 13:26 and 18:47 is **OVERRULED**.[2]

4. The Government's objection to Defendant's introduction of telephone call number 68412929 is **SUSTAINED** as to the portion of the telephone call that begins at 2:24. The Government's objection to Defendant's introduction of the portions of this telephone call that begin at 9:45 and 12:33 is **OVERRULED**.[3]

5. The Government's objection to Defendant's introduction of telephone call number 789202433 is **OVERULED.**[4]

6. The Government's objection to Defendant's introduction of telephone call number 117664257 is **SUSTAINED WITHOUT PREJUDICE** because Defendant's proffer was inadequate with respect to the alleged inconsistency between Craig Lofton's trial testimony and the text and meaning of the statements he made in the telephone call.

7. The Government's objection to Defendant's introduction of telephone call number

---

[2]While the meaning of those portions of telephone call number 334409729 that begin at 13:26 and 18:47 is not entirely clear from the transcript, it appears that those statements, made by Craig Lofton, could be considered by the jury to be inconsistent with his testimony on cross-examination as to what he expects the Government to give him in exchange for his cooperation.

[3]While the meaning of those portions of telephone call number 68412929 that begin at 9:45 and 12:33 is not entirely clear from the transcript, it appears that the statements made by Craig Lofton could be considered by the jury to be inconsistent with his testimony on cross-examination as to whether he intends to distribute cocaine once he has been released from prison.

[4]While the meaning of telephone call number 789202433 is not entirely clear from the transcript, it appears that the statements made by Craig Lofton could be considered by the jury to be inconsistent with his testimony on cross-examination as to whether he discussed the possible robbery of Monique Pearson Moore with other individuals.

645519361 is **OVERULED**.[5]

BY THE COURT:

S/ JOHN R. PADOVA
John R. Padova, J.

[5]While the meaning of telephone call number 645519361 is not entirely clear from the transcript, it appears that the statements made by Craig Lofton could be considered by the jury to be inconsistent with his testimony on cross-examination as to whether he discussed the possible robbery of Monique Pearson Moore with other individuals.