**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 10-663-04** |
| **v.** | : | |
| | : | |
| **JAQUEL CREWS** | : | |

**ORDER**

AND NOW, this _____ day of _________________, 2013, upon consideration of defendant Jaquel Crews Motion to Strike Notices of Lis Pendens, and the government's response in opposition to that motion, for the reasons set forth in the government's response, the Defendant's motion is DENIED.

______________________________________
HONORABLE JOHN R. PADOVA
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No. 10-663-04** |
| **v.** | : | |
| | : | |
| **JAQUEL CREWS** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION (Dkt. #435) TO STRIKE NOTICES OF LIS PENDENS**

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania; and J. Alvin Stout, III and James R. Pavlock, Assistant United States Attorneys, responds to the defendant's Motion to Strike Notices of Lis Pendens, as follows:

I. INTRODUCTION

In March, 2012, defendant Jaquel Crews was convicted of drug trafficking conspiracy and various counts of money laundering. He is awaiting sentencing. Following trial, the government filed a motion seeking a money judgment in the amount of $5 million dollars, which the court granted. Defendant now seeks to strike the Notices of Lis Pendens filed by the government in connection with numerous pieces of real property owned by the defendant and identified in the Notice of Forfeiture in the Second Superseding Indictment, claiming they are no longer subject to litigation. We disagree. Apparently, defendant's motivation now for seeking the removal of the Notices is that it prevents him from selling or re-financing the properties in order to support his family in face of his incarceration. Although the government does not seek to forfeit these properties directly as proceeds of drug trafficking or facilitating property, we are

pursuing these as substitute asset. The motion therefore should be denied and the Notices should remain in effect.

## II. STATEMENT OF FACTS

On November 3, 2010, defendant Jaquel Crews was indicted in a Second Superseding Indictment on the charge of participation in a conspiracy to distribute hundreds of kilograms of cocaine and hundreds of grams of cocaine base from 1986 to November 2007, in violation of 21 U.S.C. § 846 (Count Six). Additionally, defendant Jaquel Crews was charged with thirteen counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i) (Counts Twelve through Twenty). The Notice of Forfeiture in the Second Superseding Indictment alleged that any property used or intended to be used to commit, or to facilitate the commission of these violations, and any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of these violations, including but not limited various real properties and the sum of $5 million and, if these "directly forfeitable" properties were unavailable, substitute assets.

Beginning in December 2010, Notices of Lis Pendens (dockets noted below) were filed against the following eleven properties owned by defendant Jaquel Crews:

a) 16 N. Peach Street, Philadelphia, Pennsylvania (Dkt. 83);

b) 1630 Margaret Street, Philadelphia, Pennsylvania (Dkt. 84)

c) 1634 Foulkrod Street, Philadelphia, Pennsylvania (Dkt. 85);

d) 1684 Margaret Street, Philadelphia, Pennsylvania (Dkt. 86);

e) 4635 Ditman Street, Philadelphia, Pennsylvania (Dkt. 95);

f) 4848 Edmund Street, Philadelphia, Pennsylvania (Dkt. 173);

g) 4834 Tackawanna Street, Philadelphia, Pennsylvania (Dkt. 99);

h) 4847 Mulberry Street, Philadelphia, Pennsylvania (Dkt. 100);

i) 4906 Cottage Street, Philadelphia, Pennsylvania (Dkt. 101);

j) 5004 Glenloch Street, Philadelphia, Pennsylvania (Dkt. 102); and

k) 75 Meetinghouse Lane, Sicklerville, New Jersey (Dkt. 171).[1]

In March 2012, defendant Crews was convicted on Count Six (drug trafficking conspiracy) and on various counts of money laundering involving financial transactions related to many of the above-captioned properties.[2]

On May 2, 2012, the United States moved for the entry of a $5 million criminal forfeiture money judgment against the defendant. On August 14, 2012, upon consideration of the Government's Motion for a Forfeiture Money Judgment (Dkt. No. 310) and the evidence adduced at trial, the Court granted the government's motion and the Court entered a Forfeiture Money Judgment ("Money Judgment") against the defendant, Jaquel Crews, in the amount of $5,000,000.00 (Dkt. No. 362), representing "the amount of property which was used to commit, or to facilitate the commission of the conspiracy to distribute controlled substances (and) … property constituting, or derived from, proceeds obtained directly or indirectly from the commission of the offense." The Court further authorized the government to conduct any discovery necessary to identify and locate property subject to forfeiture as substitute assets.

---

[1] A lis pendens was also filed for 1827 Fillmore Street, Philadelphia, Pennsylvania (Dkt 87), which was formerly owned by Crews but no longer. It was sold at Sheriff's Sale to current owners Gerard and Devon Spruell.

[2] Indeed, much of the financial evidence at trial demonstrated that Crews systematically bought distressed real estate properties, primarily in the Frankford section of Philadelphia, improved them by paying cash drug proceeds to contractors, then mortgaged or re-financed the properties by submitting false mortgage applications, all of which was "classic" money laundering designed to conceal the nature and source of his income.

## III. ARGUMENT

Defendant's Motion correctly asserts that local rules authorize the filing of a Notice of Lis Pendens whenever a party commences "any proceeding involving title to real property." LCR 4.1.1; and that Pennsylvania law explains a lis pendens as "the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment thereon." United States Nat'l Bank in Johnstown v. Johnson, 506 Pa. 622, 627, 487 A.2d 809, 812 (1985) (emphasis removed); Clairton Corp. v. Chicago Title Ins. Co., 652 A.2d 916, 921 n.2 (Super.Ct. 1995).

Courts have held that "[I]t is generally accepted that lis pendens do not amount to a seizure of property. See, e.g., United States v. James Daniel Good Real Property, 510 U.S. 43, 58-59 (1993) (distinguishing between a seizure and a notice of lis pendens); United States v. Monsanto, 491 U.S. 600, 615 (1989) (noting that a seizure has the effect of removing the owner from the property)): United States v. Lebed, 2005 WL 2495843 at *9-10 (E.D. Pa. 2005) (Baylson, J.). "The filing of the lis pendens in this case to put future persons on notice of the government's intention to forfeit realty…is entirely appropriate." United States v. Jacqueline McCusker, 2011 WL 758517 (E.D. Pa).

In his motion, defendant cites no legal authority in support of his motion to vacate the Notices. Indeed, he acknowledges that such properties may well qualify as "substitute assets" and could potentially be subject to forfeiture litigation in that regard. Nevertheless, defendant argues that "this real estate is no longer a matter in litigation in the present case." As is evidenced by the instant motion, he is mistaken. The Court has entered a $5 million dollar forfeiture money judgment against the defendant which the government is seeking to enforce.

As was evident at trial, Crews no longer has $5 million dollars to satisfy the Court's judgment, and the government is looking to other assets of the defendant, including these pieces of real property for which we have filed Notices of Lis Pendens, to satisfy the judgment.

Because the purpose of a Notice of Lis Pendens is to give persons who may have an interest in a particular property fair notice of the government's intention to forfeit realty in relation to a criminal matter, the Notices on these properties are valid and perfectly appropriate given the ongoing litigation surrounding these properties and their potential to be deemed "substitute assets" forfeited in partial satisfaction of the outstanding multi-million dollar money judgment against the defendant in the instant criminal matter. Vacating the Notices would deny would-be buyers, as well as banks which might be considering re-financing existing mortgages (some or all of which, in view of the evidence at trial, were obtained under false pretenses) that they may proceed free and clear of any concerns that these properties are not the subject of ongoing litigation with the government.

The Court should deny the defendant's Motion in order to protect the government's interest in satisfying the money judgment and to ensure that such properties are available for forfeiture as "substitute assets."

IV. CONCLUSION

For the above-stated reasons, the government requests that this Court deny the Defendant's motion.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

______________________________
J. ALVIN STOUT, III
Assistant United States Attorney
Chief, Asset Forfeiture

______________________________
JAMES R. PAVLOCK
Assistant United States Attorney

Date: September 16, 2013

**CERTIFICATE OF SERVICE**

The foregoing Response to Defendant's Motion to Strike Notices of Lis Pendens, and proposed Order, will be served electronically through the District Court Electronic Case System upon:

PETER GOLDBERGER
50 Rittenhouse Place
Ardmore, PA 19003

________________________________
JAMES R. PAVLOCK
Assistant United States Attorney

Date: September 16, 2013