UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

   v.                           :      **No. 2:10-cr-663-JP-04**

JAQUEL CREWS,                    :

    Defendant.                   :

DEFENDANT'S MOTION FOR PARTIAL RELIEF FROM SENTENCE
IN THE NATURE OF A WRIT OF ERROR CORAM NOBIS OR AUDITA QUERELA

    The defendant, Jaquel Crews, moves pursuant to 28 U.S.C. § 1651 for relief in the nature of a writ of error coram nobis or audita querela from the unlawful judgment of criminal forfeiture imposed by this Court as part of his sentence in 2013, based on a subsequent Supreme Court decision overruling Third Circuit law and invalidating the forfeiture aspect of the sentence. In support of this motion, the defendant states:

    1.  On November 3, 2010, the grand jury returned a Superseding Indictment in the above-captioned case, naming Mr. Crews and six others (Doc. 28). (Mr. Crews was not named in the original indictment.) A 27-count Second Superseding Indictment naming the same seven co-defendants was issued on December 15, 2010 (Doc. 79), charging Mr. Crews in Count Five with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and in Counts Eight through Twenty with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i). The Second Superseding Indictment also included a "Notice of Forfeiture," seeking forfeiture of 25 Philadelphia residential properties and the sum of $5,000,000.

2. Five of the seven co-defendants entered guilty pleas. Mr. Crews and his co-defendant Mark Miller were jointly tried by jury for ten days. Mr. Crews was found guilty on March 14, 2012 on Counts Five and Eleven through Twenty, and was acquitted on Counts Eight through Ten.

3. The government filed a motion for forfeiture against Mr. Crews, pursuant to 21 U.S.C. § 853, on May 2, 2012 (Doc. 310), seeking the forfeiture of "the sum of" $5,000,000 (but not the 25 Philadelphia properties).

4. The defendant opposed the government's forfeiture motion on the basis, inter alia, that the applicable statutes did not authorize either a "money judgment" or "joint and several liability." Doc. 347, at 4-9.

5. A forfeiture hearing was conducted on July 31, 2012, after which the Court granted the government's motion for a forfeiture "money judgment" against Mr. Crews. Specifically rejecting each of the defendant's legal arguments with respect to non-statutory forms of forfeiture (money judgments, and joint and several liability with Mr. Miller) this Court filed an Order and Judgment, supported by a Memorandum Opinion, dated August 14, 2012 (Docs. 361 and 362).

6. On November 5, 2013, the Court sentenced Mr. Crews to 20 years' imprisonment on Count Five, and concurrent 20-year prison terms on each of Counts Eleven through Twenty, as well as special assessments of $1,100 and a ten-year term of supervised release, but no fine or restitution. The Judgment was signed on November 6, 2013, and filed and entered the next day (Doc. 466).

The joint and several "money judgment" forfeiture is incorporated by reference into the judgment of sentence. Id., at 6.

7. On appeal, consolidated with the appeal of co-defendant Miller, defendant Crews pursued, inter alia, the issue of the validity of the criminal forfeiture under the governing statutes. The Third Circuit affirmed the convictions and sentence by opinion dated April 1, 2016. 645 Fed.Appx. 211 (Nos. 13-4449 & 13-1477). The Supreme Court denied Mr. Crews's petition for certiorari on October 31, 2016. No. 16-6183.

8. Mr. Crews is currently incarcerated and serving his term of imprisonment.

9. On June 5, 2017, the Supreme Court of the United States decided Honeycutt v. United States, 582 U.S. ---, 137 S.Ct. 1626 (No. 16-142), ruling unanimously that criminal forfeitures are lawful only to the extent authorized by statute. In particular, the Court held on this basis that 21 U.S.C. § 853(a) does not authorize joint and several liability for forfeiture. The Honeycutt decision thus directly overrules the Third Circuit's prior precedent to the contrary. See 137 S.Ct. at 1631 n.1 (citing United States v. Pitt, 193 F.3d 751, 765 (3d Cir. 1999)).

10. As the Supreme Court explained in Honeycutt (and exactly as Mr. Crews had argued to this Court and on appeal), the only property that can be forfeited as "proceeds" under § 853(a) is the particular "thing" (cash or otherwise) that was actually received by the defendant, or some other particular item of property demonstrably "derived from" the original proceeds. 137 S.Ct. at 1631-32. Otherwise, again as Mr. Crews

-3-

had argued, the government's remedy lies solely in seeking "substitute assets" under the standards of and procedures set forth in § 853(p). <u>Id.</u> (It necessarily follows from this analysis that non-statutory "money judgments" are also unlawful, although it may not be necessary to reach that question in this case.) Under <u>Honeycutt</u>, the forfeiture in Mr. Crews' case is unlawful.

    11.  The writ of coram nobis is available under 28 U.S.C. § 1651 to challenge a federal criminal judgment based on new information (or, in the case of new legal developments, arguably a writ of audita querela; the proper label is not important; see <u>United States v. Morgan</u>, 346 U.S. 502, 505 (1954)); <u>cf.</u> 28 U.S.C. § 2255(e) (priority of § 2255 over habeas).

    a.  An extraordinary writ applies where the defendant is not "in custody" under the challenged judgment, as with monetary sanctions. See <u>Massey v. United States</u>, 581 F.3d 172 (3d Cir. 2009) (per curiam); <u>United States v. Golden</u>, 854 F.2d 31, 32 (3d Cir. 1988); <u>United States v. Rad-O-Lite of Philadelphia, Inc.</u>, 612 F.2d 740, 744 (3d Cir. 1979); <u>Kaminski v. United States</u>, 339 F.3d 84, 89-90 (2d Cir. 2003) (Calabresi, J.); <u>United States v. Mischler</u>, 787 F.2d 240 (7th Cir. 1986).

    b.  Prior litigation of the point does not bar invocation of an extraordinary writ. See <u>United States v. Woods</u>, 986 F.2d 669, 676 (3d Cir. 1993). Although failure to raise an issue when it first arose may bar a later invocation of coram nobis, even based on a fundamental change of law -- see <u>United States v. Osser</u>, 864 F.2d 1056 (3d Cir. 1988); <u>United States v. Mosavi</u>,

138 F.3d 1365, 1366 n.1 (11th Cir. 1998) -- given his diligent preservation of the forfeiture challenge in the present case, Mr. Crews faces no waiver issue.

  c.  Relief under § 1651 in the nature of an extraordinary writ of coram nobis or audita querela is properly invoked not by filing a new action but by motion in the criminal trial court. <u>Morgan</u>, 346 U.S. at 505 n.4.

 WHEREFORE, the defendant prays that this Court issue an appropriate writ:

  A. Vacating the order of forfeiture entered against defendant Crews on August 14, 2012 (Doc. 362);

  B. Amending the judgment (Doc. 466) to delete any reference to criminal forfeiture; and

  C. Directing the government to lift all liens and remove any <u>lis pendens</u> based thereon.

Dated: July 7, 2017

           Respectfully submitted,

           *s/Peter Goldberger*
          By: PETER GOLDBERGER
           PA Atty. No. 22364
           50 Rittenhouse Place
           Ardmore, PA  19003

           (610) 649-8200
           fax:  (610) 649-8362
           e-mail: peter.goldberger@verizon.net

           <u>Attorney for Defendant</u>

CERTIFICATE OF SERVICE

On July 7, 2017, I served a copy of the foregoing document on counsel for the United States, by copy of electronic filing addressed to:

```
K.T. Newton, Esq.
Ass't U.S. Attorney
615 Chestnut St., Ste 1250
Philadelphia, PA  19106
```

                                          *__s/Peter Goldberger_____*