IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 10-663-04 |
| : | |
| JAQUEL CREWS : | |

## ORDER

**AND NOW**, this 23rd day of January, 2018, upon consideration of Defendant's Motion for Partial Relief from Sentence (Docket No. 581) and the Government's response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's request for a Writ of *Audita Querela* is **GRANTED** upon consideration of Defendant's claim that the Order and Forfeiture Money Judgment dated August 14, 2012 (Docket No. 362), and the Judgment in a Criminal Case dated November 6, 2013 (Docket No. 466), violate 21 U.S.C. § 853 because they impose joint and several liability for the Forfeiture Money Judgment of $5,000,000.00 on Defendant Jaquel Crews and his co-defendant Mark Miller.[1]

---

[1] Defendant has moved pursuant to 28 U.S.C. § 1651 for relief in the nature of a writ of *error coram nobis* or *audita querela* from the August 14, 2012 Order and Forfeiture Money Judgment (Docket No. 362) (the "Forfeiture Order") and from that portion of the judgment in this case (Docket No. 466) (the "Judgment") that require him to forfeit his interest in the amount of $5,000,000.00. We held in the Forfeiture Order that the $5,000,000.00 is subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of Defendant's conviction on Count Five of the Second Superseding Indictment No. 10-663, because that sum is the amount of property which was used to commit, or to facilitate the commission of the offense of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and was property constituting, or derived from, proceeds obtained directly or indirectly from the commission of the offense. (Forfeiture Order ¶ 2.) Defendant asserts that the Forfeiture Order and Judgment violate 21 U.S.C. § 853 because he was made jointly and severally liable for the forfeiture of $5,000,000.00 with his co-defendant, Mark Miller. Defendant relies on Honeycutt v. United States, 137 S. Ct. 1626 (2017), in which

2. The August 14, 2012 Order and Forfeiture Money Judgment (Docket No. 362) is **VACATED**.

3. The Government shall file, no later than February 23, 2018, an amended motion for forfeiture of money and supporting papers, establishing through citation to the evidence admitted at trial, the amount of the Government's $5,000,000.00 forfeiture request that is personally attributable to Defendant. Plaintiff may file a response to that motion no later than March 26, 2018.[2]

---

the Supreme Court held that joint and several liability is contrary to the provisions of 21 U.S.C. § 853. Id. at 1633.

The Government concedes, in its response to the instant Motion, that the rule announced by the Supreme Court in Honeycutt is a substantive rule that has retroactive effect. (Response at 6.) However, the Government opposes the Motion on the ground that there is no procedural mechanism whereby we may grant relief to Defendant because his direct appeal has concluded and he cannot challenge the Forfeiture Order on collateral review on a basis that could have been raised on appeal. However, we conclude that the *writ of audit querela* is available to Defendant in these circumstances, since Defendant preserved this issue by raising it on appeal and there has been an intervening change in the applicable law since his appeal was denied. See United States v. Miller, 645 F. App'x 211, 226-27 (3d Cir. 2016) (denying Crews's claim on appeal that the district court erred by imposing joint and several liability for the forfeited property); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (stating that the writ of *audita querela* "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief" (citations omitted)); United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (stating that the writ of *audita querela* is available to a criminal defendant to "provide[] relief from the consequences of a conviction when a defense . . . arises subsequent to entry of the final judgment. The defense . . . must be a legal defect in the conviction, or in the sentence which taints the conviction"); Rawlins v. Kansas, 714 F.3d 1189, 1193 (10th Cir. 2013) (stating that *audita querela* requires a defendant to "show something like an intervening change in law" (citation omitted)). Accordingly, we grant the instant Motion to the extent that Defendant contends that our imposition of joint and several liability violates 21 U.S.C. § 853.

[2] Defendant also seeks the complete elimination of his obligation to forfeit property derived from or used to commit his offense based on the violation of 21 U.S.C. § 853. Specifically, he asks that we vacate the Forfeiture Order, amend the Judgment to delete any reference to criminal forfeiture, and direct the Government to lift any liens and remove any *lis pendens* on Defendant's property based on the Forfeiture Order. Defendant, however, has failed to establish a basis for the complete elimination of his forfeiture obligation. The Supreme Court held in Honeycutt that "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." 137 S. Ct. at 1635. Consequently, we will

allow the Government to file an amended motion for forfeiture of money, setting forth, based on the evidence admitted at trial, the portion of the $5,000,000.00 that the Government asserts is subject to forfeiture pursuant to 21 U.S.C. § 853 for which Defendant is personally responsible. Once Defendant's personal responsibility for forfeiture has been determined, we will amend the Judgment. As we anticipate that the Government will be able to prove that Defendant is personally responsible for some portion of the $5,000,000.00 forfeiture, we deny Defendant's request that we direct the Government to lift any liens and remove any *lis pendens* on Defendant's property based on the Forfeiture Order.

BY THE COURT:

John R. Padova, J.

3