# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| v. : | **Criminal No. 10-663-04** |
| **JAQUEL CREWS** : | |

## O R D E R

AND NOW, this _____ day of _____, 2018, upon consideration of the government's motion requesting the Court to reconsider its Order dated January 23, 2018 (ECF No. 607) in the above-captioned case, for the reasons set forth in the government's motion, the Court concludes that the motion should be granted, and, therefore, it is hereby

ORDERED that the Government's Motion for Reconsideration is GRANTED; and it is further

ORDERED that the Order dated January 23, 2018 (ECF No. 607) is VACATED and the defendant's Motion for Partial Relief from Sentence in the Nature of a Writ of Error *Coram Nobis* or *Audita Querela*, under 28 U.S.C. § 1651 (ECF No. 581) is DENIED.

 

_____
**HONORABLE JOHN R. PADOVA**
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. 10-663-04 |
| JAQUEL CREWS | : |

## GOVERNMENT'S MOTION FOR RECONSIDERATION

The United States of America, by its attorneys, Louis D. Lappen, United States Attorney for the Eastern District of Pennsylvania, and Joseph F. Minni and James R. Pavlock, Assistant United States Attorneys, requests this Court to reconsider its Order dated January 23, 2018 (ECF No. 607) in the above-captioned case that granted, in part, and denied, in part, the defendant's Motion for Partial Relief from Sentence in the Nature of a Writ of Error *Coram Nobis* or *Audita Querela*, under 28 U.S.C. § 1651 (ECF No. 581), as follows:

**I.   BACKGROUND**

On March 14, 2012, a jury convicted the defendant, Jaquel Crews, along with co-defendant Mark Miller, of one count of conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base ("crack") between 1986 and November 17, 2007, in violation of 21 U.S.C. Section 846 (Count Five). The jury also convicted Crews and Miller of multiple counts of money laundering, in violation of 18 U.S.C. Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

On August 14, 2012, as a result of his conviction for drug trafficking conspiracy (Count Five), this Court entered against Crews an Order and Forfeiture Money Judgment in the amount of $5 million. ECF No. 362. This Court also issued a Memorandum regarding its forfeiture findings. ECF No. 361. The forfeiture judgment represents the amount of property that was "used or intended to be used to commit, or to facilitate the commission of the conspiracy to distribute controlled substances (cocaine and cocaine base), in violation of 21 U.S.C. Section 846, and any property constituting, or derived from, proceeds obtained directly or indirectly from the commission of this offense." The money judgment also directed that Crews was jointly and severally liable with his co-defendant, Mark Miller. The judgment has not been satisfied and remains outstanding.

Crews appealed his conviction and sentence, challenging, among other things, the issue of joint and several liability for the forfeiture judgment. On April 1, 2016, the Court of Appeals affirmed. *United States v. Miller*, 645 Fed. App'x. 211 (3d Cir. 2016). In its decision, the Court of Appeals rejected Crews' arguments regarding joint and several liability. *Id*. at 227. On October 31, 2016, the Supreme Court denied Crews' petition for writ of *certiorari*. *Crews v. United States*, 137 S. Ct. 409 (2016).

On July 7, 2017, Crews filed a motion entitled "Partial Relief from Sentence in the Nature of a Writ of Error *Coram Nobis* or *Audita Querela*." ECF No. 581. By this motion, Crews challenged and sought to vacate the forfeiture judgment based on the Supreme Court's recent decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). On November 29, 2017, pursuant to this Court's Order, the government filed its response in opposition to this motion. ECF No. 591. On January 23, 2018, this Court entered an

Order that granted, in part, Crews' motion and vacated the Order and Forfeiture Money Judgment. ECF No. 607.[1]

The Order also directed the government to submit a motion for entry of an amended forfeiture order. *Id*. Thereafter, this Court granted the government's request and entered an order directing the government to file a motion for reconsideration by February 20, 2018. ECF No. 609.

For the reasons explained below, the government requests this Court to reconsider its Order vacating the forfeiture judgment against Crews.

## II.  ARGUMENT

### A.  Legal Standard

The purpose of a motion to reconsider "is to correct manifest errors of law or fact or to present newly discovered evidence." *See Helfrich v. Lehigh Valley Hospital*, 2005 WL 1715689, *3 (E.D. Pa. 2005). *See also United States v. Bonfilio*, 2017 WL 118404, *2 (W.D. Pa. 2017), appeal dismissed *sub nom*., *United States v. Bonfilio*, 2017 WL

---

[1] In its decision, this Court held that Crews was entitled to relieve to the extent that the forfeiture order imposing joint and several liability violated the drug forfeiture statute, 21 U.S.C. § 853, as interpreted under the *Honeycutt* decision. This Court specifically noted that the government in its response conceded that "the rule announced by the Supreme Court in *Honeycutt* is a substantive rule that has retroactive effect." This Court also rejected the government's argument that *audita querela* relief was not available because Crews' appeal was concluded and the forfeiture order was final. Instead, this Court held that *audita querela* relief was available because Crews preserved the issue by raising it on appeal and there was an intervening change in the law since the Third Circuit denied his appeal.

3272197 (3d Cir. July 21, 2017).[2] The court should grant a motion to reconsider if the moving party establishes "one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *Brinkley v. United States*, 2004 WL 2958430, *1 (E.D. Pa. 2004); *Drake v. Steamfitters Local Union No. 420*, 1998 WL 564486, *3 (E.D. Pa. 1998). *See also United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), citing *Smith v. Evans*, 853 F.2d 155, 158 59 (3d Cir. 1988). A motion to reconsider also "is not to be used to relitigate, or rehash, issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *United States v. Whoolery*, 2016 WL 3854874, *48 (W.D. Pa. 2016) (internal quotations and citations omitted). *See also United States v. Dupree*, 617 F.3d 724, 732 33 (3d Cir. 2010) ("Though '[m]otions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants . . . to raise their arguments, piece by piece'"). Here, the government's motion to reconsider rests on the third ground – to correct a clear error of law and prevent manifest injustice.

---

[2] Although not explicitly provided for in the Federal Rules of Criminal Procedure, "motions for reconsideration may be filed in criminal cases." *United States v. Bonfilio*, 2017 WL 118404, *2 (W.D. Pa. 2017), appeal dismissed *sub nom*., *United States v. Bonfilio*, 2017 WL 3272197 (3d Cir. July 21, 2017), quoting *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *United States v. Northington*, 2012 WL 3279197, *3 (E.D. Pa. 2012); *Brinkley v. United States*, 2004 WL 2958430, *1 (E.D. Pa. 2004). "Courts apply the same standards to motions for reconsideration filed in the criminal cases as those used in the civil context." *Bonfilio*, 2017 WL 118404, at *2 (citations omitted).

### B. Even Though *Honeycutt* Announced a New Rule of Law that Can Have Retroactive Effect, It Does Not Retroactively Apply to this Case.

Even though *Honeycutt* announced a substantive rule that has retroactive effect, *audita querela* does not empower Crews to vacate his final forfeiture judgment. The Supreme Court has held that new rules of conduct for criminal prosecutions only apply retroactively to cases that are "pending on direct state or federal review or not yet final" when the new rule is decided. *Griffith v. Kentucky*, 479 U.S. 314, 316 (1987). Here, the Supreme Court issued its decision in *Honeycutt* approximately nine months after the Supreme Court denied Crews' petition for writ of *certiorari* and his forfeiture judgment became final. Thus, because there is no matter "pending," Crews' criminal judgment is final and *Honeycutt* does not apply retroactively to permit Crews to challenge this Court's forfeiture judgment.

In *Griffith*, the Supreme Court considered when and whether an intervening Supreme Court decision regarding racial discrimination during jury selection would apply to pending criminal cases.[3] The Supreme Court held that opinions that announce new rules would be "applicable to litigation pending on direct state or federal review or not yet final when [the intervening new rule] was decided." 479 U.S. at 316. The *Griffith* Court also observed that it had already previously determined that new rules are "not to be applied retroactively to a case on federal habeas review." 479 U.S. at 319.

---

[3] The intervening decision at issue in *Griffith* was *Batson v. Kentucky*, 476 U.S. 79 (1986).

Thus, even assuming *arguendo* that the *Honeycutt* decision announces a "new rule," the decision cannot be retroactively applied here. This Court sentenced Crews in November 2013. Crews filed appeals and specifically raised the issue of joint and several liability on appeal. The Third Circuit, however, rejected these arguments. Crews' forfeiture judgment now is final and, applying the holding in *Griffith*, it is beyond the reach of *Honeycutt*.

Indeed, a federal district court recently relied on the finality of the judgment in denying the defendant's motion to vacate a forfeiture money judgment based on *Honeycutt*. *See United States v. Alquza*, 2017 WL 4451146, *2 (W.D. N.C. Sept. 21, 2017) (Appeal filed, Fourth Circuit No. 17-7658) (finding defendant cited no procedural reason or law why he may challenge finalized forfeiture portion of his sentence). The court in *Alquza* specifically observed that "*Honeycutt* does nothing to elucidate on the untimeliness of Defendant's challenge to final orders." *Id.* at *2. *See also United States v. Jones*, 2017 WL 5904053, *2 (D. Kan. Nov. 30, 2017) (noting that the Federal Rules of Criminal Procedure permit a defendant to attack a final forfeiture order only by a timely appeal); *United States v. Purify*, 2017 WL 4875296, *2 (N.D. Okla. Oct. 25, 2017), on remand, *United States v. Purify*, 702 Fed. App'x 680 (10th Cir. July 18, 2017) (Court found no legal basis to disturb a forfeiture order that was final for nearly two years). As in *Alquza*, the forfeiture judgment here is final and should not be subject to further review by this Court.

The government also notes that several courts recently rejected motions to vacate forfeiture judgments under *Honeycutt*. *See United States v. Ball*, 2017 WL 6059298, *2

- 6 -

(E.D. Mich. Dec. 7, 2017), citing *Ferguson v. United States*, 2017 WL 5991743, *1 (S.D. Ohio Dec. 4, 2017); *Alquza*, 2017 WL 4451146, at *3; and *Bangiyev v. United States*, 2017 WL 3599640, *4 (E.D. Va. Aug. 18, 2017), certificate of appealability denied, *United States v. Bangiyev*, 710 Fed. App'x 116, 117 (4th Cir. 2018). While the courts decided these cases in the context of motions under 28 U.S.C. Section 2255, the courts denied relief on the basis that a defendant cannot invoke *Honeycutt* to challenge a forfeiture order on collateral review under Section 2255. *See, e.g., Bangiyev*, 2017 WL 3599640 at *4. Certainly, a defendant may raise *Honeycutt* on direct appeal. *See, e.g., United States v. Elliott, et al.*, 876 F.3d 855 (6th Cir. 2017). *See also United States v. Brown*, 694 Fed. App'x 57 (3d Cir. 2017); *United States v. Gjeli*, 867 F.3d 418 (3d Cir. 2017), as amended (Aug. 23, 2017). However, where, as here, a defendant exhausts appellate remedies, the forfeiture judgment is final, and *Honeycutt* does not provide a basis for post-conviction relief, including a petition for writ of *audita querela*.

That Crews is procedurally barred from further challenges to the forfeiture judgment does not constitute a basis for the issuance of a writ of *audita querela*. This writ only may be considered where there is a "gap" to be filled in the system of post-conviction relief. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (writ of *audita querela* may apply in limited circumstances "in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief"). *See also United States v. Banks*, 2018 WL 565270, *2 (3d Cir. Jan. 25, 2018) ("common law writ like audita querela can be used to the extent that it fills in the gaps in post-conviction remedies"). The existence of the *Honeycutt* decision does not create a "gap" in the system of post-

- 7 -

conviction relief. Crews' inability to use *Honeycutt* because of the finality of his forfeiture judgment does not present a systemic gap. A defendant who cannot collaterally challenge a sentence under Section 2255 cannot create a valid claim simply by seeking relief under the All Writs Act (28 U.S.C. Section 1651) through a writ of *audita querela*. *See, e.g., United States v. Banks*, 2018 WL 565270, at *2, citing *United States v. Massey*, 581 F.3d at 174. *Accord United States v. Hannah*, 174 F. App'x 671 (3d Cir. 2006) ("The fact that *Booker* cannot be applied retroactively in [defendant's] case does not create such a gap. . . . [i]t is the inefficacy of the remedy, *not the personal inability to use it*, that is determinative.'"), quoting *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (emphasis added). Indeed, the Third Circuit has recognized that where a sentence can be challenged by direct appeal, there is no gap in the system of post-conviction relief and *audita querela* does not lie. *See United States v. Correa*, 500 F. App'x 128, 130 (3d Cir. 2012) (not precedential) (where defendant raises challenges to his sentence "of the type that can be raised on direct appeal" there are "no gaps" in the system of post-conviction relief and *audita querela* relief is barred).

A "gap" does not exist here simply because there is no procedural vehicle available through which Crews could seek the benefit of retroactive *Honeycutt* application. Accordingly, Crews' inability to seek retroactive application of *Honeycutt* does not open the door to *audita querela* relief.

The government respectfully submits that the Court's decision granting relief also rests on a significant mistake of law that undermines the principal of finality that must govern post-conviction litigation. *See Teague v. Lane,* 489 U.S. 288, 309 (1989)

("Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect.").

In our system, a criminal defendant has a right of direct appeal. He then has a more limited right, under 28 U.S.C. § 2255, to seek collateral relief from custody based on constitutional or other exceptional error. Under the law, such habeas relief is not available for a challenge to monetary penalties, as opposed to physical custody. "[T]he monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes." *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015).

Thus, what Crews seeks here is extraordinary, and entirely wrong. He is essentially suggesting that any time there is a new judicial decision or other change in law, that concerns a forfeiture judgment, a court has authority – even decades in the future – to revisit a final judgment. That is obviously incorrect. It is incorrect even with regard to challenges to custody, and certainly a defendant has no greater and indefinite right to challenge forfeiture. In the custody context, Section 2255 permits a motion based on a new right that is cognizable within habeas to be filed within one year of the announcement of that new rule. 28 U.S.C. § 2255(f)(3). However, if the defendant previously litigated a 2255 motion, then that remedy is even more sharply limited to claims based on new rules of constitutional law expressly made retroactive by the Supreme Court. 28 U.S.C. § 2255(h)(2). If, based on these strictures, a defendant is not

able to challenge custody based on a new rule, that does not stand as a "gap" permitting any other relief.  In the ordinary case, a petitioner's inability "to meet the stringent gatekeeping requirements of the amended § 2255" does not allow any further remedy, as "[s]uch a holding would effectively eviscerate Congress's intent in amending § 2255." *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).[4]

The "*audita querela*" relief that Crews seeks does not exist in this circumstance. Crews cannot use the writ to challenge custody, and he certainly cannot use the writ to challenge a monetary penalty for which no habeas remedy exists at all.

In sum, even though *Honeycutt* has retroactive effect, it does not entitle Crews to vacate a final forfeiture judgment through a writ of *audita querela*. That Crews has no cognizable challenge to the forfeiture judgment does not constitute a basis for relief under *audita querela*. Here, Crews challenged his forfeiture judgment via direct appeal. The Third Circuit, however, rejected his arguments. The fact that the Supreme Court many months later issued its decision in *Honeycutt*, which now supports Crews' position, does not create a basis for relief under *audita querela* because there is no gap in the system of relief.

---

[4] *Dorsainvil* recognized a single exception: where a new statutory interpretation reveals that the defendant was innocent of the offense of conviction, but the defendant has already expended his 2255 challenge to custody, the defendant may resort to 28 U.S.C. § 2241 to challenge his confinement. That circumstance does not exist here, where, as stated, Crews only challenges forfeiture, not custody.

## III. CONCLUSION

For the reasons explained above, the government requests that this Court grant its motion.

> Respectfully submitted,
>
> LOUIS D. LAPPEN
> United States Attorney
>
> /s/ Joseph F. Minni
>
> _____
>
> JOSEPH F. MINNI
> Assistant United States Attorney
> Deputy Chief, Asset Recovery and
> Victim Witness Unit
>
> /s/ James R. Pavlock
>
> _____
>
> JAMES R. PAVLOCK
> Assistant United States Attorney

Date: February 22, 2018.

# **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the GOVERNMENT'S MOTION FOR RECONSIDERATION was filed electronically through the District Court Electronic Case System and is available for viewing and downloading from the ECF system, and served electronically as follows:

>Peter Goldberger, Esquire
>50 Rittenhouse Place
>Ardmore, PA 19003-2276

>/s/ Joseph F. Minni
>_____
>JOSEPH F. MINNI
>Assistant United States Attorney

Date: February 22, 2018.