IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 10-663-04 |
| | : | |
| JAQUEL CREWS | : | |

## ORDER

**AND NOW**, this 31st day of July, 2018, upon consideration of the Government's Motion for Reconsideration (Docket No. 614), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.[1]

---

[1] On January 23, 2018, we granted Defendant's Motion for Partial Relief from Sentence (Docket No. 581). Defendant brought that Motion pursuant to 28 U.S.C. § 1651 for relief in the nature of a writ of *error coram nobis* or *audita querela* from the August 14, 2012 Order and Forfeiture Money Judgment (Docket No. 362) (the "Forfeiture Order") and from that portion of the judgment in this case (Docket No. 466) (the "Judgment") that require him to forfeit his interest in the amount of $5,000,000.00. The Forfeiture Order and Judgment made Defendant jointly and severally liable for the forfeiture of $5,000,000.00 with his co-defendant, Mark Miller. We concluded, in our January 23, 2018 Order, that our imposition of joint and several liability violated 21 U.S.C. § 853. See Honeycutt v. United States, 137 S. Ct. 1626, 1633, 1635 (2017) (holding that joint and several liability is contrary to the provisions of 21 U.S.C. § 853 and that "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime"). We vacated the Forfeiture Order and ordered the Government to file an amended motion for forfeiture of money establishing through citation to the evidence admitted at trial, the amount of the Government's $5,000,000.00 forfeiture request that is personally attributable to Defendant.

On February 22, 2018, the Government filed the instant Motion for Reconsideration of our January 23, 2018 Order. While we could deny the Motion as untimely, we have considered it on the merits. See Local R. Civ. P. 7.1(g) (stating that "[m]otions for reconsideration . . . shall be served and filed within fourteen (14) days after the entry of the order concerned"); see also Local R. Crim. P. 1.2 (making Local R. Civ. P. 7.1(g) "fully applicable in all criminal proceedings"). "The scope of a motion for reconsideration . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (citing Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)). A motion for reconsideration will only be granted if the moving party establishes: "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available *when the court granted the motion* . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" Id. (quoting Howard Hess, 602 F.3d at 251). The Government argues that we should reconsider our January 23, 2018 Order to correct a clear error of

law. "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted). "'It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999).

While the Government concedes that "Honeycutt announced a substantive rule that has retroactive effect," it argues that we committed a clear error of law by granting Defendant's Motion because "audita querela does not empower Crews to vacate his final forfeiture judgment." (Gov't Mot. at 5.) The Government argues that, because the Supreme Court denied Defendant's petition for writ of certiorari nine months before it issued Honeycutt, the forfeiture order was final and there is no procedure available to challenge it. The Government made this argument in response to Defendant's Motion and we rejected it, concluding that the writ of audita querela is available to Defendant in these circumstances, because Defendant preserved this issue by raising it on appeal and there has been an intervening change in the applicable law since his appeal was denied. See United States v. Miller, 645 F. App'x 211, 226-27 (3d Cir. 2016) (denying Crews's claim on appeal that the district court erred by imposing joint and several liability for the forfeited property); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (stating that the writ of audita querela "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief" (citations omitted)); United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (stating that the writ of audita querela is available to a criminal defendant to "provide[] relief from the consequences of a conviction when a defense . . . arises subsequent to entry of the final judgment. The defense . . . must be a legal defect in the conviction, or in the sentence which taints the conviction"); Rawlins v. Kansas, 714 F.3d 1189, 1193 (10th Cir. 2013) (stating that audita querela requires a defendant to "show something like an intervening change in law" (citation omitted)). Consequently, we deny the Motion for Reconsideration to the extent that the Government reasserts arguments that it made in response to Defendant's Motion for Partial Relief from Sentence, because a motion for reconsideration is not to be used to relitigate issues that a court has already decided. See United States v. Whoolery, Crim. No. 10-144-02, 2016 WL 3854874, at *48 (W.D. Pa. July 15, 2016) (citations omitted).

The Government has provided us with additional authority in support of its argument that Defendant is not entitled to relief from the Forfeiture Order and Judgment since filing the instant Motion for Reconsideration: United States v. Georgiou, Crim. No. 09-88, 2018 U.S. Dist. LEXIS 102662 (E.D. Pa. July 19, 2018); and United States v. Ortiz, Crim. No. 11-251-08, 2018 WL 3304522 (E.D. Pa. July 5, 2018). In both of these cases, the court denied a defendant's motion to vacate a forfeiture order based on Honeycutt. In Georgiou, the court denied the motion on the ground that the rule it announced in Honeycutt was not retroactive because it was not substantive, and on the ground that the writ of audita querela did not apply in that case because "there is no legal basis for disturbing a final order of forfeiture that has been final for years." Georgiou, 2018 U.S. Dist. LEXIS 102662, at *11, 14 (citations omitted). In Ortiz, the district court concluded that Honeycutt was not retroactive because the rule it announced was not substantive. Ortiz, 2018 WL 3304522, at *8. We find that both of these cases are inapplicable, as the Government concedes that the rule announced in Honeycutt is substantive and, therefore, should apply retroactively (see Gov't Mot. at 5, 10) and because the Forfeiture Order had been final only for a term of months, not years,

       2.      The Government shall file, no later than August 30, 2018, an amended motion for forfeiture of money and supporting papers, establishing through citation to the evidence admitted at trial, the amount of the Government's $5,000,000.00 forfeiture request that is personally attributable to Defendant.  Plaintiff may file a response to that motion no later than September 30, 2018.

                                      BY THE COURT:

                                      /s/ John R. Padova

                                      _____

                                      John R. Padova, J.

---

before <u>Honeycutt</u> was decided.    Accordingly, we deny the Government's Motion for Reconsideration.