IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 17-4976 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| JAQUEL CREWS | : | CRIMINAL NO. 10-663-4 |

# MEMORANDUM

**Padova, J.**                                                                                    **September 4, 2018**

Before the Court is Defendant Jaquel Crews's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Crews asks that we vacate his conviction and sentence in its entirety. He raises six grounds for relief, four of which are based on the alleged ineffectiveness of his trial counsel.[1] For the following reasons, we deny the § 2255 Motion.

## I.     BACKGROUND

On March 14, 2012, Defendant Jaquel Crews and his co-Defendant Mark Miller were convicted by a jury of one count of conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base ("crack") between 1986 and November 17, 2007, in violation of 21 U.S.C. § 846 (Count Five). Crews was also convicted of ten counts of laundering of monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) ("money laundering") (Counts Eleven through Twenty). Crews was acquitted of Counts Eight through Ten, which also charged him with money laundering. Crews was sentenced to 240 months of imprisonment and ten years of supervised release as to Count Five, 240 months of imprisonment

---

[1] Crews originally sought relief based on eight grounds, two of which concerned the alleged ineffectiveness of the attorney who represented him at sentencing and on appeal. On January 31, 2018, following a Hearing, we granted Crews's Motion to Amend his § 2255 Motion and struck the two requests for relief asserting that the attorney who represented him at sentencing and on appeal was ineffective.

and three years of supervised release as to Counts 11-20, and a special assessment of $1,100.00.[2] Crews appealed his conviction and sentence. His appeal was denied on April 1, 2016. See United States v. Miller, 645 F. App'x 211 (3d Cir.), cert. denied sub nom. Crews v. United States, 137 S. Ct. 409 (2016).

Crews subsequently filed the instant § 2255 Motion, in which he challenges the effectiveness of his trial counsel, claims that he was denied a fair trial, and seeks to have certain documents placed under seal. The § 2255 Motion asserts the following six grounds for relief: (1) trial counsel was ineffective for failing to investigate possible defenses; (2) trial counsel was ineffective for failing to file a motion to dismiss Second Superseding Indictment No. 10-663 (the "Indictment") as multiplicitous; (3) trial counsel was ineffective for failing to negotiate a guilty plea agreement rather than proceed to trial; (4) trial counsel was ineffective for failing to cross-examine a key witness and for failing to call a DEA agent as a trial witness; (5) Crews was denied a fair trial because the Indictment contained multiplicitous counts; and (6) certain documents on the docket of this matter should be sealed.

## II. LEGAL STANDARD

Crews has moved for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

---

[2] On August 14, 2012, as a result of his conviction of Count Five, we ordered Crews, pursuant to 21 U.S.C. § 853, to forfeit his interest in $5,000,000.00, which we determined was the amount of property that was used to commit, or to facilitate the commission of the conspiracy charged in Count Five and was property constituting, or derived from, proceeds obtained directly or indirectly from the commission of the offense. Crews was held jointly and severally liable for the Forfeiture Money Judgment with his co-defendant, Mark Miller. On January 23, 2018, we granted Crews's request for a Writ of *Audita Querela* and vacated the August 14, 2012 Order and Forfeiture Money Judgment against Crews because the imposition of joint and several liability for the Forfeiture Money Judgment violated 21 U.S.C. § 853.

the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "'Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors.'" United States v. Perkins, Crim. A. No. 03-303, Civ. A. No. 07-3371, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting United States v. Rishell, Crim. A. No. 97-294-1, Civ. A. No. 01-486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001)).  In order to prevail on a § 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (stating that "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" (alterations in original) (quoting Davis v. United States, 417 U.S. 333, 346 (1974))).

## III. DISCUSSION

### A. Ground One - the Failure to Investigate Defenses Concerning Audio Tapes

Crews argues in his first ground for relief that his attorney was ineffective for failing to investigate possible defenses.  In order to prevail on a claim for ineffective assistance of counsel, a criminal defendant must demonstrate both that (1) his attorney's performance was deficient, i.e., that the performance was unreasonable under prevailing professional standards, and (2) that he was prejudiced by his attorney's performance.  Strickland v. Washington, 466 U.S. 668, 687-88, 690-92 (1984).  "We may address the prejudice prong first '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice.'" Travillion, 759 F.3d at 289

(alteration in original) (quoting Strickland, 466 U.S. at 697). Prejudice is proven if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Consequently, counsel cannot be found to be ineffective for failing to pursue a meritless claim. See United States v. Bui, 795 F.3d 363, 366-67 (3d Cir. 2015) ("'[T]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.'" (quoting United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999))).

Defense counsel's "'particular decision not to investigate must be directly assessed for reasonableness *in all the circumstances*, applying a heavy measure of deference to counsel's judgments.'" Saranchak v. Sec'y, Pa. Dep't of Corrs., 802 F.3d 579, 595 (3d Cir. 2015) (quoting Strickland, 466 U.S. at 691). "For a failure to investigate to constitute ineffective assistance, a defendant must show what exculpatory evidence would have been uncovered by further investigation." United States v. Franklin, 213 F. Supp. 2d 478, 488 (E.D. Pa. 2002) (citation omitted). In other words, "a defendant must show that the investigation would have 'produced useful information not already known to trial counsel.'" Id. (citations omitted).

Specifically, Crews argues that his attorney was ineffective in that he failed to investigate whether certain tapes should have been played for the jury at trial.[3] Crews does not specify what

---

[3] Crews also contends that his attorney was ineffective in failing to investigate whether the money laundering counts, i.e., Counts 8-20, are multiplicitous and whether he should have called a DEA agent as a trial witness regarding offers made to a cooperating witness for the Government. Crews also raises his argument regarding the multiplicitous counts in his second ground for relief and the argument that his attorney was ineffective for failing to call the DEA agent as a trial witness in his fourth ground for relief. We address trial counsel's effectiveness with respect to his failure to investigate those two possible defenses in connection with the second and fourth grounds for relief.

tapes he believes his attorney should have investigated and played for the jury or what exculpatory evidence he believes is contained on such tapes. Ground One may concern two excerpts from a taped conversation between the Government's witness, Craig Lofton, and a DEA agent that the United States Court of Appeals for the Third Circuit addressed in its opinion affirming Crews's conviction and sentence. The Third Circuit described these tapes as follows:

> These excerpts are part of a conversation between Lofton and a DEA agent concerning plans to take Lofton to meet with Government lawyers prior to his grand jury testimony. In the first excerpt, after clarifying where Lofton was being held, the agent inquired whether Lofton would like "a nice sit down dinner" when they picked him up. Lofton thought that would be "lovely." In the second excerpt, Lofton tells the agent "Yeah man, its three people that pretty much gonna walk through this thing. You know what I mean. You know them all. I can't call em out, but you know who they are. One of 'em already walked through the water look the devil in the face. An he's up on the west side. Everybody can't get a break but I make sure I protected them." At trial, counsel for Miller and Crews tried to admit these excerpted conversations as evidence of Lofton's inconsistent statements but acknowledged that Lofton had never been questioned about these statements. The District Court sustained the Government's objection to the admission of this excerpt.

Miller, 645 F. App'x at 216 (record citations omitted). It is apparent, based on this portion of the Third Circuit's opinion, that Crews's trial counsel investigated these tapes and attempted to present them to the jury. Accordingly, to the extent that Crews's argument that his trial counsel failed to investigate certain tapes and play them for the jury is based on these excerpts from tapes of conversations between Lofton and the DEA agent, we deny the § 2255 Motion with respect to Ground One because Crews has failed to satisfy his burden of showing that "the investigation would have 'produced useful information not already known to trial counsel.'" Franklin, 213 F. Supp. 2d at 488 (citations omitted). To the extent that Ground One is based on Crews's trial counsel's failure to investigate other tapes and play those other tapes for the jury, we conclude that Crews has failed to sustain his burden of showing what exculpatory evidence would have been uncovered by investigation into those other tapes. See id. (citation omitted). Accordingly, we

deny the § 2255 Motion with respect to Crew's claim concerning his attorney's failure to investigate defenses concerning audio tapes in Ground One.

        B.    <u>Grounds One and Two – Whether the Indictment is Multiplicitous</u>

Crews argues in his second ground for relief that his trial counsel was ineffective for failing to file a motion to dismiss the Indictment because it is multiplicitous. "'A multiplicitous indictment charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause.'" <u>United States v. Credico</u>, 646 F. App'x 248, 252 (3d Cir. 2016) (quoting <u>United States v. Pollen</u>, 978 F.2d 78, 83 (3d Cir. 1992)). Crews contends that Counts Eight through Twenty of the Indictment, which charge him with money laundering, are multiplicitous.

"To determine whether an indictment is multiplicitous, a court 'must ascertain the allowable unit of prosecution under the relevant statutory provision.'" <u>United States v. Ortiz</u>, Crim. A. No. 11-251-08, 2018 WL 3304522, at *7 (E.D. Pa. July 5, 2018) (quoting <u>Pollen</u>, 978 F.2d at 85). "Where the indictment includes multiple charges under the same statutory provision, the 'test' is whether that provision prohibits 'individual acts' rather than 'the course of action which they constitute.'" <u>Id.</u> (quoting <u>Blockburger v. United States</u>, 284 U.S. 299, 302 (1932)). "If the relevant statute prohibits individual acts, 'then each act is punishable separately,' and an indictment is not multiplicitous for charging each violation of the statute." <u>Id.</u> (quoting <u>Blockburger</u>, 284 U.S. at 302).

Crews contends that the money laundering charges were multiplicitous. The money laundering statute "prohibits each individual act of money laundering: it proscribes a 'monetary transaction in criminally derived property of a value greater than $10,000.'" <u>Id.</u> (quoting 18 U.S.C. § 1957(a)). The money laundering statute defines a "monetary transaction" as "the deposit,

withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument . . . by, through, or to a financial institution . . . ." 18 U.S.C. § 1957(f)(1). Thus, "[t]he text of the statute makes clear that each 'monetary transaction' undertaken with criminally derived property is separately punishable and may be separately charged in the Indictment." Ortiz, 2018 WL 3304522, at *7.

Counts Eight through Ten of the Indictment Number 10-663 charge Crews with three counts of money laundering in connection with a $72,000.00 mortgage loan he obtained from Argent Mortgage Company LLC ("Argent") for a property located at 1684 Margaret Street, Philadelphia, Pennsylvania, which Crews purchased with the proceeds of his drug trafficking activities. (See Indictment Counts 8-10.) The Indictment states that the loan was funded by a $71,173.45 wire transfer to Fidelity National Title ("Fidelity"), and that Fidelity paid $26,046.62 of the loan proceeds to America's Servicing Company to pay off a previous mortgage on this property. (See id. ¶ 9.) Count Eight charges Crews with knowingly conducting and willfully causing the April 17, 2006 wire transfer of $71,173.45 to Fidelity; Count Nine charges Crews with knowingly conducting and willfully causing the April 17, 2006 payment of $26,046.62 to America's Servicing Company; and Count Ten charges Crews knowingly conducting and willfully causing the April 17, 2006 cashing of a check for $38,715.75, which was the remainder of the proceeds of the mortgage loan. (See id. ¶ 10.) We conclude that each of Counts Eight through Ten of the Indictment charges Crews with knowingly conducting and willfully causing a single monetary transaction in violation of the money laundering statute and that these Counts are thus not multiplicitous.

Counts Eleven through Fourteen of the Indictment charge Crews with four counts of money laundering in connection with a $72,000.00 mortgage loan he obtained from Argent for a property

located at 1827 Fillmore Street, Philadelphia, Pennsylvania, which Crews purchased with the proceeds of his drug trafficking activity. (See id. Counts 11-14.) The Indictment states that the loan was funded by a wire transfer of $71,686.66 to Fidelity, which disbursed $59,746.70 to Crews, who deposited the money into a bank account at PFCU. (Id. ¶¶ 8, 13.) The Indictment also states that Crews used the proceeds of this mortgage to purchase another property, located at 4635 Dittman Street, Philadelphia, Pennsylvania, and that Crews obtained a mortgage loan of $78,400.00 on the 4635 Dittman Street property from Chase Bank USA, N.A. (Id. ¶¶ 9-12.) The Indictment further states that Crews received a check for $71,997.88 from the proceeds of that second mortgage. (Id. ¶ 12.) Count Eleven charges Crews with knowingly conducting and willfully causing the March 22, 2006 wire transfer of $71,686.66 to Fidelity; Count Twelve charges Crews with knowingly conducting and willfully causing Fidelity to issue the March 28, 2006 check for $59,746.70 to Crews; Count Thirteen charges Crews with knowingly conducting and willfully causing his March 30, 2006 deposit of that check into his PFCU account; and Count Fourteen charges Crews with knowingly conducting and willfully causing the cashing of a $71,997.98 check from the proceeds of the Chase Bank USA mortgage. (Id.) We conclude that each of Counts Eleven through Fourteen of the Indictment charges Crews with knowingly conducting and willfully causing a single monetary transaction in violation of the money laundering statute and that these Counts are thus not multiplicitous.

Count Fifteen of the Indictment charges Crews with one count of money laundering in connection with a $60,300.00 mortgage loan he obtained from Argent on November 17, 2006 for a property located at 4834 Tackawanna Street, Philadelphia, Pennsylvania, which Crews purchased with the proceeds of his drug trafficking activity. (See id. Count 15.) The Indictment states that the loan was funded by a wire transfer to First Option Title Agency, LLC ("First

Option"), which disbursed $24,469.36 to Crews by check, and that Crews subsequently deposited the check into a bank account at Citizens Bank. (<u>Id.</u> ¶ 5.) Count Fifteen charges Crews with knowingly conducting and willfully causing the December 2, 2006 deposit of the $24,469.36 check into his account at Citizens Bank. We conclude that Count Fifteen charges Crews with conducting and causing a single monetary transaction in violation of the money laundering statute and that this Counts is thus not multiplicitous.

Counts Sixteen through Eighteen of the Indictment charge Crews with three counts of money laundering in connection with a $56,000.00 mortgage loan he obtained from FGC Commercial Mortgage Financial ("FGC") for a property located at 4906 Cottage Street, Philadelphia, Pennsylvania, which Crews purchased with the proceeds of his drug trafficking activity. (<u>See</u> <u>id.</u> Counts 16-18.) The Indictment states that the loan was funded by a November 28, 2006 wire transfer to First Option in the amount of $54,881.86. (<u>Id.</u> ¶ 5.) First Option disbursed $49,876.76 to Crews, who deposited the money into an account at Commerce Bank. (<u>Id.</u> ¶¶ 5-6.) Count Sixteen charges Crews with knowingly conducting and willfully causing the November 28, 2006 wire transfer of $54,881.86 from FGC to First Option; Count Seventeen charges Crews with knowingly conducting and willfully causing the November 29, 2006 check in the amount of $49,876.76 to be issue from First Option to Crews; and Count Eighteen charges Crews with knowingly conducting and willfully causing the deposit of the $49,876.76 check into his account at Commerce Bank on November 30, 2006. (<u>Id.</u> ¶ 6.) We conclude that each of Counts Sixteen through Eighteen of the Indictment charges Crews with knowingly conducting and willfully causing a single monetary transaction in violation of the money laundering statute and that these Counts are thus not multiplicitous.

Counts Nineteen and Twenty of the Indictment charge Crews with two counts of money laundering in connection his purchase of a property located at 1634 Foulkrod Street, Philadelphia, Pennsylvania on December 21, 2005, using the proceeds of his drug trafficking activity, and the $71,200.00 mortgage loan on that property that Crews subsequently obtained from America's Wholesale Lender. (See id. Counts 19-20.) The Indictment states that the mortgage was funded by a wire transfer to First Option on November 22, 2006, and that First Option later disbursed $65,043.34 of that amount to Crews. (Id. ¶ 5.) Count Nineteen charges Crews with knowingly conducting and willfully causing the purchase of the 1634 Foulkrod Street property on December 21, 2005 and Count Twenty charges Crews with knowingly conducting and willfully causing the cashing of the $65,043.34 check on November 24, 2006. We conclude that Counts Nineteen and Twenty each charge Crews with knowingly conducting and willfully causing a single monetary transaction in violation of the money laundering statute and that these Counts are thus not multiplicitous.

Since we have determined that Counts Eight through Twenty of the Indictment are not multiplicitous, we conclude that Crews's trial counsel was not ineffective for failing to file a motion to dismiss the Indictment because it contained multiplicitous counts, as asserted in Ground Two, since such a motion would have been meritless. See Bui, 795 F.3d at 366-67. For the same reason, we conclude that trial counsel was not ineffective for failing to investigate whether the Indictment was multiplicitous, as asserted in Ground One. Accordingly, we deny the § 2255 Motion with respect to Ground Two and with respect to Crew's claim concerning his attorney's failure to investigate defenses concerning multiplicitous counts in Count One.[4]

---

[4] Crews also argues, in the portion of his petition labelled "Argument E," that he was denied a fair trial because the Indictment is multiplicitous. As we discussed at length above, Counts Eight

C.    <u>Ground Three</u>

Crews argues in his third ground for relief that his trial attorney was ineffective for failing negotiate a pre-trial plea agreement with the Government.  He maintains that he was prejudiced by his attorney's conduct because, if he had pled guilty, he would have been eligible for a two-level reduction of his advisory Sentencing Guidelines offense level for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1(a) and an additional one-level reduction for timely notifying the Government of his intent to plead guilty pursuant to § 3E1.1(b).  However, Crews was sentenced to a mandatory minimum of 240 months of imprisonment as to Count Five pursuant to 21 U.S.C. § 846 and § 841(b)(1)(A) because his drug trafficking offense involved more than five kilograms of a mixture or substance containing a detectable amount of cocaine and he had a previous felony drug conviction.[5]  Since we lacked the discretion to sentence Crews to a term of imprisonment of fewer than 240 months in connection with Count Five, he would not have benefited from any reduction in his advisory Sentencing Guidelines offense level pursuant to § 3E1.1.  We conclude that Crews has not shown that he was prejudiced by his attorney's failure to negotiate a pre-trial plea agreement with the Government, to the extent that such failure rendered him ineligible to obtain an offense level reduction pursuant to U.S.S.G. § 3E1.1.

Crews also contends that he would have been willing to enter into a plea agreement prior to trial and cooperate with the Government so that he could benefit from a motion from the Government to reduce his sentence below the advisory Sentencing Guidelines range pursuant to

---

through Twenty of the Indictment, which charge Crews with thirteen counts of money laundering, are not multiplicitous.  Consequently, we deny the Motion as to this argument.

[5] Crews was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and sentenced to 56 months' imprisonment on February 21, 1996.  <u>See</u> Judgment, <u>United States v. Crews</u>, Crim. A. No. 95-391, t (E.D. Pa. Feb. 21, 1996), ECF No. 89.

United States Sentencing Guidelines § 5K1.1 and to reduce his sentence below the statutory mandatory minimum pursuant to 18 U.S.C. § 3553(e). "Defendants are entitled to the effective assistance of competent counsel" during plea negotiations. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (quotation omitted). Consequently, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Id. at 168. "If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." Id.

Crews asserts that he would have accepted a cooperation plea agreement with the Government, but he does not claim that the Government offered to enter into any such agreement with him. "Because [Crews] does not allege that a plea bargain was offered, he cannot claim that his counsel performed deficiently by failing to discuss a plea agreement." United States v. Crim, Crim. A. No. 06-658-01, 2016 WL 3638122, at *6 (E.D. Pa. July 6, 2016); see also Lafler, 566 U.S. at 168 (noting that "if no plea offer is made" the issue of ineffective assistance of counsel with respect to plea negotiations "simply does not arise"). Accordingly, we deny the § 2255 Motion as to Ground Three.

D.     Grounds One and Four – Failure to Question Certain Witnesses

Crews argues in his fourth ground for relief that his attorney was ineffective for failing to cross-examine Craig Lofton, a key government trial witness, regarding a conversation with DEA Special Agent Gordon Patten. Crews also argues in Ground One and Ground Four that his trial attorney was ineffective for failing to call Agent Patten as a trial witness to question him about that conversation. Craig Lofton was called as a trial witness by the Government to testify about "his knowledge and participation in Miller and Crews' drug trafficking schemes." Miller, 645 F. App'x at 214. Crews acknowledges that his trial attorney cross-examined Lofton regarding

whether he testified against Crews in order to obtain a shorter sentence. Indeed, Crews's trial attorney questioned Lofton "in detail about his plea agreement and the possible sentence Lofton may have received had he not pleaded guilty." Id. at 215-16. Nonetheless, Crews contends that his trial counsel was ineffective in that he failed to cross-examine Lofton regarding Agent Patten's offer, in the recorded telephone call we discussed in connection with Ground One, to take Lofton out to dinner, and that trial counsel was also ineffective in failing to call Agent Patten as a trial witness regarding that call. Crews suggests that "[h]ad counsel question[ed] the witness as to the invitation to dinner and called the DEA Agent as a witness and question[ed] him it would have revealed that the witness perjured himself and the prosecution knowingly presented this false testimony." (Crews Mem. at 15.) Crews's argument, however, is unavailing. Crews does not contend that Agent Patten actually took Lofton out to dinner,[6] nor does he explain why the dinner invitation would have caused Lofton to perjure himself. We conclude that Crews has failed to show that the outcome of his trial would have been different if his trial counsel had questioned Lofton and Agent Patten about this conversation. See Strickland 466 U.S. at 694 (stating that a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Consequently, we deny the Motion as to Ground Four.

E.      Request to Seal Certain Documents

Crews asks us to seal all documents filed on the docket of this action that refer to the Government's sentencing motion.[7] The documents he seeks to have sealed are documents that

---

[6] The Government denies that Agent Patten took Lofton out to dinner. (Gov't Resp. at 12.)

[7] We address this request even though it is not properly a ground for relief pursuant to § 2255.

13

were filed with the Third Circuit in connection with his appeal.  Specifically, Crews states that he "is requesting that this Court issue an order and/or make a recommendation to the Third Circuit to seal or redact '<u>only</u>' the portion of the Appeals Court ruling pertaining to Petitioner's substantial assistance that are publicly available."  (Crews's June 20, 2018 Mem. at 14.)  However, we have no authority to direct the Third Circuit to seal documents that are on file with that Court.  Consequently, Crews must address his sealing request directly to the Third Circuit.  Accordingly, we deny the Motion as to this request.

## IV.    CONCLUSION

For the reasons stated above, we deny the instant Motion in its entirety.  An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.