**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*Robert A. Zauzmer*
*Direct Dial: (215) 861-8568*
*Facsimile: (215) 861-8618*
*E-mail Address: bob.zauzmer@usdoj.gov*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

January 14, 2024

Via ECF

The Hon. John R. Padova
United States District Judge

Re: United States v. Jaquel Crews
Crim. No. 10-663-04

Dear Judge Padova:

In this matter, the defendant seeks compassionate release based in part on U.S.S.G. § 1B1.13(b)(6), a recently added provision that addresses the availability of compassionate release based on a change in sentencing law. The parties have briefed their dispute regarding whether this provision is valid, and at present, there are over a dozen other cases pending in this district in which this issue has been briefed.

We write to bring to the Court's attention the decision in *United States v. Carter*, -- F. Supp. 3d --, 2024 WL 136777 (E.D. Pa. Jan. 12, 2024) (Beetlestone, J.), which is the first ruling on this issue in this district. In *Carter*, in a lengthy opinion, the Court agreed with the government's view that the new guideline provision is invalid as applied to a defendant serving a sentence based on "stacked" 924(c) terms, in light of the Third Circuit's interpretation of the compassionate release statute in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), holding that a nonretroactive change in sentencing law is not an "extraordinary and compelling reason" as stated in the statute. *Carter* held that "this binding precedent instructs that a defendant's unusually long sentence is not an adequate basis for compassionate release." *Carter* at *7.

The Court further held in *Carter* that the other circumstances advanced by the defendant – that he made extensive efforts at rehabilitation, exhibited good conduct while

incarcerated, and maintained strong family ties – also did not satisfy the statutory threshold for consideration. The Court explained that the 3553(a) factors would support a reduced sentence for the defendant, who is serving a 70-year sentence based on the commission of multiple bank robberies and three "stacked" 924(c) offenses, but relief in this situation may only be authorized by Congress or in the exercise of executive clemency.

Respectfully,

JACQUELINE C. ROMERO
United States Attorney

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

cc (via ECF): Peter Goldberger, Esq.